## No. 9723.

### WAGMAN *v.* KNORR.

Decided January 10, 1921.   Rehearing denied March 7, 1921.

Action for damages growing out of an assault and battery. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Mistrial.* If the court erroneously declares a mis-

trial and discharges the jury in a damage case, the error is corrected by the granting of a new trial.

2. 　　*Verdict on Conflicting Evidence.* A verdict based on conflicting evidence will not be disturbed on review.

3. ASSAULT AND BATTERY—*Motive*—*Evidence.* Motive is always relevant to the question whether one did what is alleged against him and to the reason why. It is a state of mind. The previous relations of the parties to any transaction may have been sufficient to excite motive and if they tend to do so, however faintly, they are relevant. In the admission or rejection of such evidence, something must be left to the discretion of the trial court, the weight and effect being for the jury.

*Error to the District Court of the City and County of Denver, Hon. John A. Perry, Judge.*

Mr. WILLIAM H. DICKSON, for plaintiff in error.

Messrs. MELVILLE, MELVILLE & WALTON, Mr. CHARLES C. SACKMAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

UPON the third trial of this case, Knorr, the plaintiff below, had judgment against Wagman for assault and battery.

The plaintiff in error, Wagman, makes three points as ground for reversal, first, that before the completion of the second trial the court erroneously declared a mistrial and discharged the jury; second, that the evidence was not sufficient to support the verdict; third, that irrelevant, incompetent and immaterial evidence for the plaintiff was admitted.

As to the first point, if the court committed error the only way to correct it was to grant a new trial, and that the defendant has had.

As to the second point, the evidence is conflicting. That for the plaintiff is inconsistent with and some of it directly contrary to that of the defendant. We cannot disturb the

verdict on this ground without usurping the function of the jury.

As to the third point: According to the evidence for the plaintiff he found Dorothy Knorr, his wife, sitting with the defendant in the defendant's automobile, near the middle of the street, at 2 o'clock in the morning and ordered her to get out; she got out, the defendant immediately followed her, and without provocation shot the plaintiff twice. After being shot the plaintiff returned the fire with two shots and afterwards the defendant fired two more in the direction of the plaintiff and his wife. The shooting of the plaintiff by the defendant constituted the assault for which suit was brought.

The defendant on the other hand, testified that he did not know the plaintiff; that the plaintiff approached the machine with a pistol, levelled it at the defendant, ordered him to throw up his hands, which he did; that the plaintiff then ordered his wife to get out of the machine, which she did; defendant immediately following her; that thereupon the plaintiff shot at the defendant, who returned the fire with three shots, two of which took effect; that the defendant believed his life in danger and fired in self-defense.

The plaintiff, over the objection of the defendant, was allowed to introduce evidence, with much detail, which need not be repeated here, to show that defendant and one Landry had, during the evening and night, been riding, drinking and lunching with plaintiff's wife and one Millie Knorr, his sister.

The court admitted this testimony as relevant only to the question of motive, and so instructed the jury.

It is now argued on the part of the defendant that these occurrences previous to the assault could have no bearing on the motive of defendant. We cannot say so. Motive is always relevant to the question whether one did what is alleged against him and to the reason why. Motive is a state of mind, e. g., fear, love, jealousy, anger, hatred, apprehension of danger, nervous excitement. The previous relations of the parties to any transaction may have been

sufficient to excite motive and if they tend to do so, however faintly, they are relevant. In the admission or rejection of such evidence something must be left to the discretion of the trial court, *Com. v. Ferrigan,* 44 Pa. 386, the weight and effect of such evidence being, of course, for the jury. We cannot say that Wagman's previous conduct with plaintiff's wife and sister, under all the circumstances and in the peculiar position in which he found himself, had no effect upon his state of mind or conduct at the time of the encounter and therefore cannot say that the admission of the evidence in question was error or abuse of discretion. This matter is fully discussed by Mr. Wigmore, Wig. Ev., §§ 117, 118 & 385 to 406, esp. § 389. There are countless cases. One is *Tyler v. Nelson,* 109 Mich. 37, 39, 66 N. W. 671.

Judgment should be affirmed.

MR. JUSTICE SCOTT and MR. JUSTICE TELLER concur.