No. 16,168.

HEIL *v.* ZINK.

(210 P. [2d] 610)

Decided October 3, 1949.

Messrs. AUSTIN & KONKEL, for plaintiff in error.

Messrs. MUNSON & KREAGER, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

GEORGE HEIL brought an action against Albert Zink to recover actual and exemplary damages which he allegedly sustained as a result of a fist fight. Trial was to a jury, which returned its verdict in favor of defendant, and judgment was entered thereon. Heil here seeks a reversal of that judgment.

In the complaint, in paragraph 1 thereof, it is alleged, "That on or about April 12, 1947, * * * the defendant did without cause, and with malice, and insult, and a wanton and reckless disregard of the plaintiff's rights and feelings strike the plaintiff." The alleged injuries which plaintiff sustained are enumerated, and the expenses incurred in the treatment therefor, specified. Plaintiff prayed judgment "for the sum of $10,000 as damages and $10,000 exemplary damages," and for costs of suit.

Defendant in his answer denies the allegations set out in paragraph 1 of the complaint, and alleges: "That on or about the 12th day of April, A. D. 1947, * * * the plaintiff above-named sought out and accosted this defendant; that he approached this defendant in a pugilistic and fighting manner and attitude; that said plaintiff immediately commenced an argument with this defendant, the plaintiff using loud, abusive and profane language, the argument being about irrigation water and ditch rights and the fact that said plaintiff had only recently torn out and removed from an irrigation lateral ditch a headgate which belonged to and was on the property of this defendant and through which defendant obtained water to irrigate a portion of his farm lands." Further, "Defendant alleges that any blows struck by him at such time and place were struck in self-defense only; that the altercation was brought about solely through the acts and actions of said plaintiff who was the aggressor; * * *."

Defendant's conviction of assault and battery growing out of the altercation between him and plaintiff was pleaded as res judicata to the claim for exemplary damages.

Within ten days after the return of the verdict of the jury and entry of the judgment thereon, plaintiff filed his motion for judgment notwithstanding the verdict or, in the alternative, a new trial, alleging as grounds therefor the insufficiency of the evidence to support the verdict and error committed by the trial court in admitting irrelevant and immaterial evidence. This motion was denied by the court.

When the case was called for trial, plaintiff orally moved that all those allegations concerning a controversy between plaintiff and defendant with reference to ditch matters be stricken from the answer and also orally challenged the sufficiency of defendant's plea of res judicata. The court denied plaintiff's motion to strike from the answer all reference to the ditch matters and granted the same with reference to the plea of res judicata. In denying plaintiff's oral motion to strike from the complaint all reference to ditch matters, the trial court stated that it did so, "because the Court is of the opinion that it is surplusage, and in no way damaging to the plaintiff."

The court's instructions, to which plaintiff expressly stated that he had no objections, are not abstracted, but we find the following in the record:

"No. 10

"Evidence has been admitted relative to a controversy concerning the removal of a headgate from a certain irrigation ditch. You are instructed that the merits of that matter are not before the jury for decision and that such testimony was admitted for the sole purpose of showing, insofar as it might, the friendly or unfriendly relation of the parties hereto immediately prior to the alleged altercation."

"No. 13

"You are instructed that exemplary damages are allowed as a punishment to the wrongdoer and as an example to others and if the act is done with either implied or express malice exemplary damages may be awarded,

and it is sufficient if the defendant knew or should have known injury would probably result from his act, and such exemplary damages may be assessed so as to constitute a punishment."

Plaintiff presents three specifications of points, all of which concern the court's refusal to strike from defendant's answer all reference to ditch matters and permitting evidence thereon to be presented to the jury.

Plaintiff's evidence discloses that he was president of the "Ditch Board," had served thereon for four years, and as such president had, with other members of the board, determined that defendant's headgate was not safe; that defendant owned no stock in the ditch, and, therefore, the headgate should be removed and no more water permitted to flow through it. Accordingly, plaintiff and other members of the board, with employees, removed defendant's headgate. On April 12, the day following the removal of the headgate, defendant had stopped in Iliff while on his way to consult his attorney with reference thereto when plaintiff saw him, and, according to his testimony, "I motioned to him that I wanted to talk to him." When plaintiff approached defendant, according to his testimony, he spoke first to defendant, testifying that, "I told him we had taken out that box [headgate] and that we didn't have no record of any stock in the ditch." Upon which, he testified, defendant struck him, using some opprobious language. Plaintiff defended himself as best he could, and the fight between them lasted a short while, with the result that plaintiff's jaw was broken, and defendant suffered some injury of a more or less minor nature.

Defendant and his wife, who was in defendant's automobile, testified that when plaintiff came to their automobile his fists were doubled up and his attitude was pugilistic and belligerent; that his first utterance was, "I have pulled your headgate." Upon being asked the reason for so doing, he replied, "You ain't got no right to that ditch." There was considerable other conversa-

tion before the fight occurred. These witnesses testified that from plaintiff's attitude and position they thought that he would undertake to give defendant a thrashing, and when it looked as though a fight was imminent, then, and then only, did defendant strike plaintiff. After the first blow was struck, they testified that there was some further conversation between plaintiff and defendant in an argument about the headgate, and then it was that it was mutually agreed between plaintiff and defendant that they would settle their differences by a fisticuff.

Other witnesses testified, some favorable to plaintiff; others favorable to defendant.

Counsel for plaintiff at the trial called defendant for cross-examination under the statute, and interrogated him with reference to his financial condition; then called plaintiff to the stand, and, in response to questions, plaintiff testified in detail as to all matters, and his connection therewith, concerning the removal of defendant's headgate. So far as the trial was concerned, it was plaintiff who first interjected this issue in the presence of the jury, and it is the admission of this evidence, as we have said, which constitutes the principal specified error upon which plaintiff relies for a reversal.

It should be remembered that plaintiff in this action sought exemplary damages which are recoverable in this jurisdiction in civil actions under Rule 101 (d) R.C.P. Colo., which provides: "* * * where the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton or reckless disregard of the injured party's rights and feelings, the jury may in addition to awarding actual damages * * *, include reasonable exemplary damages."

In *Wagman v. Knorr*, 69 Colo. 468, 195 Pac. 1034, plaintiff sought to recover both compensatory and exemplary damages for injuries resulting from an assault. Evidence was admitted, over the objection of defendant, of events and conversations occurring prior to the actual

assault, with reference to which we said on review: "It is now argued on the part of the defendant that these occurrences previous to the assault could have no bearing on the motive of defendant. We cannot say so. Motive is always relevant to the question whether one did what is alleged against him and to the reason why. Motive is a state of mind, e. g., fear, love, jealousy, anger, hatred, apprehension of danger, nervous excitement. The previous relations of the parties to any transaction may have been sufficient to excite motive and if they tend to do so, however faintly, they are relevant. In the admission or rejection of such evidence something must be left to the discretion of the trial court. *Com. v. Ferrigan,* 44 Pa. 386, the weight and effect of such evidence being, of course, for the jury."

It was plaintiff who accosted defendant and sought an opportunity of talking with him for the purpose of advising him that he and others, or he himself, had removed defendant's headgate, which prevented defendant from receiving water through the ditch. Plaintiff's purpose in so doing does not appear in the record, but it is reasonable to suppose that his interference with defendant's claimed property right in the ditch would be provocative of resentment and anger, and if this result obtained, the evidence concerning the water dispute became competent and relevant for the jury's consideration in mitigation of exemplary, if not compensatory, damages. *Wagman v. Knorr, supra; West v. Bently,* 98 Utah 248, 98 P. (2d) 361; *Penn v. Henderson,* 174 Ore. 1, 146 P. (2d) 760; 1 Southerland on Damages (4th ed.), p. 460, §151, et seq.; 16 A.L.R., p. 816, 123 A.L.R., p. 1126; 6 C.J.S., p. 867, §44 e. (2), et seq.; 4 Am. Jur., p. 203, §164.

The evidence with reference to the removal or destruction of defendant's headgate having occurred the day before the altercation between plaintiff and defendant, it was competent for the jury's consideration in mitigation of damages.

Provocation, while not a justification or an absolute defense in an action for damages arising from an assault, nevertheless where exemplary damages are sought, the malice and ill will and evidence thereof is proper for the jury's consideration in mitigation of exemplary damages which are punitive in nature.

Some comment is made by plaintiff's attorney concerning the fact that the trial court, in denying plaintiff's motion to strike that portion of defendant's answer alleging facts concerning the removal or destruction of defendant's headgate, referred to these allegations as surplusage. It is immaterial what reason the court assigned for his action, if the ruling was correct, as we have said it was.

We disapprove of oral motions to strike parts of an adversary's pleadings being first presented at the time of the trial. Such matters should be determined by written motion prior to trial or at a pre-trial conference.

The evidence was conflicting, but there was sufficient competent evidence introduced to support the verdict, and, under these circumstances, the judgment based thereon will not be disturbed.

The judgment, accordingly, is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HAYS concur.