535 P.2d 219 (1975)
H. Wayne MANGUS, Plaintiff-Appellant,
v.
Victor MILLER, Defendant-Appellee.
No. 73-457.
Colorado Court of Appeals, Div. II.
February 19, 1975.
Rehearing Denied March 25, 1975.
Certiorari Granted June 2, 1975.
William E. Kenworthy, Denver, for plaintiff-appellant.
*220 Fredrickson & Johnson, Robert G. Fredrickson, Canon City, Kane, Donley & Wills, Lee R. Wills, Colorado Springs, for defendant-appellee.
Not Selected for Official Publication.
ENOCH, Judge.
Plaintiff H. Wayne Mangus appeals from a judgment entered on a jury verdict which awarded him damages for assault and battery and damages for the wrongful death of his wife. Plaintiff contends that the award of damages is grossly inadequate. We reverse and remand for a new trial on the issue of damages for the wrongful death.
The circumstances surrounding the incident in question are not in dispute. Plaintiff's late wife, Mary Louise Mangus, formerly was married to the defendant, Victor Miller. That marriage lasted approximately ten years and ended in divorce in 1966. Shortly thereafter she married plaintiff. During this second marriage Mrs. Mangus was employed as a business education teacher at an adult rehabilitation center.
At the time of the divorce in 1966, defendant and Mrs. Mangus owned a ranch in joint tenancy. At that time the two entered into a written agreement in which they agreed to postpone final settlement of the division of their interests in that property for five years. The agreement was to terminate on March 1, 1971. During the period in which the agreement was in effect, negotiations were held between the two regarding the property, but no settlement had been reached by February 19, 1971. On that date final disposition of the ranch was discussed at a meeting in the Canon City offices of the attorney who then represented defendant. In attendance were Mrs. Mangus, her attorney, Mr. Mangus, the defendant, and his attorney. Negotiations reached a stalemate. As the conference began to break up, defendant produced a gun with which he fatally shot Mrs. Mangus and wounded the plaintiff.
Plaintiff brought this action for assault and battery and wrongful death, and sought both compensatory and exemplary damages for each claim. Provocation was among the defenses asserted in the answer. At the outset of trial plaintiff withdrew his claims for exemplary damages, and subsequently contended that as a matter of law the withdrawal of the claims for exemplary damages also removed the issue of provocation from consideration by the jury. Therefore, he contended, any evidence which the defense might seek to introduce to show provocation was irrelevant. The trial judge overruled plaintiff's objection and permitted the introduction of evidence on this issue.
Plaintiff put on expert testimony as to the damages resulting to him from the loss of Mrs. Mangus' earnings. When the case was submitted to the jury, the court refused to direct a verdict for plaintiff as to liability and instructed the jury that provocation was a complete defense, despite the objection of plaintiff that the instruction should not be given as a matter of law and on the additional ground that there was no evidence to support a finding of provocation. The jury returned a verdict for plaintiff on each claim, assessing damages at $13,000 for assault and battery, and $30,000 for wrongful death.
In support of his contention that the award of damages is grossly inadequate, plaintiff alleges that the trial court erred as a matter of law: First, in permitting the introduction of evidence relevant only to the issue of provocation; second, in not directing a verdict on liability for plaintiff; third, in instructing the jury that provocation was a complete defense; and fourth, in sending the issue of provocation to the jury at all, in the absence of any supporting evidence. It is argued by plaintiff that even though the jury returned a verdict in his favor, the effect of the above errors was prejudicial to him because, in assessing damages, the jury was permitted to consider inadmissible evidence and was instructed to apply an inappropriate theory of law.
At oral argument, counsel for plaintiff asserted that there was reversible error only as to the award of damages for wrongful *221 death, and withdrew his appeal as it related to any alleged errors in the judgment on his assault and battery claim. Since defendant had no objections to the withdrawal of this issue and there is no cross-appeal, we need only consider the issue of whether there was error necessitating a new trial on the wrongful death claim.
The cause of action for wrongful death is created by statute. It is separate and distinct from the action the deceased would have had had she survived, even though plaintiff's cause of action under the statute arises only if the deceased would have been entitled to bring an action had she survived. Fish v. Liley, 120 Colo. 156, 208 P.2d 930. The basic question is whether evidence of provocation is admissible in a wrongful death action.
The statutory limitations on recovery of damages in a wrongful death action appear at § 13-21-203(1), C.R.S.1973 (1969 Perm.Supp., C.R.S.1963, 41-1-3(1)) and provide in part:
"[I]n every such action the jury may give such damages as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue; and also having regard to the mitigating or aggravating circumstances attending any such wrongful act, neglect, or default . . . ."
This provision was originally enacted in 1877 and has been interpreted to limit damages in wrongful death to compensatory damages and to exclude an award of exemplary damages. Moffatt v. Tenney, 17 Colo. 189, 30 P. 348. The reference to "mitigating or aggravating circumstances" in the statute has been held to,
"contemplate circumstances not relating to the wrongful act itself, but such as affect the actual damages suffered by the surviving party entitled to sue, either by way of diminishing or enhancing the same."
Moffatt v. Tenney, supra. See also Hayes v. Williams, 17 Colo. 465, 30 P. 352.
In an action for damages arising from assault and battery proof of words or conduct on the part of someone which would provoke an attack in anger does not constitute a justification or a complete defense; however, a jury may consider evidence of provocation in mitigation of exemplary damages. Heil v. Zink, 120 Colo. 481, 210 P.2d 610; Goldblatt v. Chase, 121 Colo. 355, 216 P.2d 435. Thus, while an attack can never be excused by a showing of provocative conduct, such evidence may reflect on the degree of malice involved in the attack, which the jury could consider in the assessment of exemplary damages.
In view of the holding of Moffatt v. Tenney that our wrongful death statute excludes an award of exemplary damages, it follows that evidence of provocation is irrelevant to the assessment of actual damages in a wrongful death claim. We hold therefore that, in a wrongful death action, it is error for the trial court to give an instruction on provocation as an element to be considered by the jury in mitigation of damages or as a factor to be considered in the determination of liability.
Counsel for defendant contends that the instruction on provocation and the evidence admitted on that issue were employed not to mitigate damages but to justify completely the conduct of defendant, and consequently, since the jury returned a verdict for plaintiff on the issue of liability, any error in giving such instruction was not prejudicial to plaintiff.
It is correct that where the error complained of was the admission of incompetent evidence which could not have influenced the jury, the mere fact of such error is not sufficient reason to reverse a judgment. Baker Metropolitan Water & Sanitation District v. Baca, 138 Colo. 239, 331 P.2d 511. Thus, as to the jury finding that defendant was liable for the wrongful death, we agree that this error was not prejudicial.
We are unable to agree, however, that the introduction of inadmissible evidence on provocation could not have prejudiced *222 the jury on the issue of damages. Aside from the alleged affirmative defense of provocation, the only issues seriously contended at trial by defendant were the damages to be assessed on each claim. The introduction of inadmissible evidence over objection is presumed prejudicial to the excepting party unless it affirmatively appears that it was not. Denver City Tramway Co. v. Cowan, 51 Colo. 64, 116 P. 136. It is apparent from our reading of the record that the effect of the evidence of provocation was to paint a sympathetic picture of the defendant's conduct, an impression which the jury may or may not have considered on the issues of damages. In the absence of an affirmative indication that it was not a factor in the decision regarding damages, we conclude that, in the wrongful death claim, a new trial must be granted on the issue of damages only.
In view of our holding we need not consider the other alleged errors.
The judgment for damages for assault and battery is affirmed. The judgment for damages for wrongful death is reversed and the cause remanded for a new trial on the issue of damages only.
BERMAN and Van CISE, JJ., concur.