**Karen Allece WHITLEY, by and through her father and next friend, James A. Whitley, Jr., and James A. Whitley, Jr., Plaintiffs-Appellants,**

**v.**

**Valerie ANDERSEN and Tami LeGault, Defendants-Appellees.**

**No. 75–390.**

Colorado Court of Appeals,
Div. III.

April 15, 1976.

Rehearing Denied April 29, 1976.

Certiorari Granted July 6, 1976.

Holley, Boatright & Villano, George Alan Holley, Wheat Ridge, for plaintiffs-appellants.

Johnson, Makris & Hunsaker, P. C., William J. Hunsaker, Denver, for defendant-appellee Valerie Andersen.

DeMoulin, Anderson, Campbell & Laugesen, Jack Kent Anderson, Denver, for defendant-appellee Tami LeGault.

PIERCE, Judge.

Plaintiffs in this assault and battery action, Karen and James Whitley, appeal from a directed verdict entered in favor of defendant, Tami LeGault, and also challenge the propriety of two instructions submitted to the jury relating to defendant Valerie Andersen. We reverse and remand.

Karen was struck in the jaw by defendant Andersen while standing in front of her locker at school. This attack was allegedly in response to derogatory remarks pertaining to Andersen purportedly uttered by Karen on the preceding day and on other, earlier occasions. Karen was then allegedly shoved towards her locker by defendant LeGault, although the precise circumstances regarding this aspect of the incident were a matter of considerable dispute at trial. She suffered a fractured jaw as a consequence of the blow delivered by Andersen; no physical injuries were attributed to her physical contact with LeGault.

Karen and her father brought this suit against both Andersen and LeGault, and against Andersen's parents, seeking compensatory damages. At trial, Andersen's chief defense was that Karen had provoked the attack by the earlier remarks, and that therefore Karen's conduct could be considered by the jury in mitigation of damages.

Defendant LeGault's role in the incident, however, was disputed. There was testimony tending to establish an intentional battery on her part, but there was also evidence adduced which, if accepted by the jury, would altogether exonerate her of civil liability.

At the conclusion of plaintiff's case, the trial court granted motions for dismissal as to defendant LeGault and Andersen's father. Thereafter, verdicts in favor of Karen and her father were returned as against defendant Andersen, totalling $1,125. Plaintiffs challenge the entry of the directed verdict in favor of LeGault, and also assert, with regard to the claim against the Andersens, that the erroneous submission of certain instructions compels reversal of the verdict and remand for new trial.

## I. *Defendant LeGault*

▆ We agree with plaintiffs that entry of the directed verdict in favor of defendant LeGault was error.

Although the testimony as to the nature of defendant LeGault's involvement was conflicting, when viewed in the light most favorable to plaintiffs, the evidence adduced was sufficient to establish a prima facie case of battery against LeGault, and therefore the trial court erred in dismissing this claim. *See Nettrour v. J. C. Penney Co.*, 146 Colo. 150, 360 P.2d 964.

▆ In support of dismissal, however, defendant LeGault argues that the evidence

would not support a jury finding that she intended to cause physical injury to the plaintiff, and that therefore dismissal was proper since she asserts that, in order for her to be held liable for the battery, it must be shown that she acted with substantial certainty that the contact with plaintiff would result in physical injury. This assertion is without merit.

One who intentionally inflicts upon another an offensive, although non-harmful, bodily contact, is liable therefor even though the act committed was not done with the intent to cause actual physical harm. *Restatement (Second) of Torts* § 16(1); COLO.J.I. 20:5 and 20:6. Whether a particular act constitutes an offensive bodily contact is ordinarily a question to be determined by the jury. Thus, since there was testimony presented here which would support a finding that the contact inflicted would reasonably offend one's sense of personal dignity, any asserted lack of evidence showing intent to harm would not justify entry of a directed verdict.

Defendant LeGault also argues, however, that dismissal was proper in that there was no evidence that plaintiff actually suffered any physical injury as a consequence of the alleged battery. Recovery for battery is not limited, however, merely to damages for physical injury, but rather, includes compensation for mental pain and suffering such as fear, anxiety, indignity or disgrace, as well. *See Jones v. Franklin,* 139 Colo. 384, 340 P.2d 123. Consequently, since the evidence was sufficient to establish the requisite elements of battery as against defendant LeGault, the entry of the directed verdict was error.

### II. *Defendant Andersen*

Plaintiff's first contention with regard to the claim against defendant Andersen is that the trial court erred in submitting an instruction directing the jury to consider provocative statements allegedly uttered by Karen in mitigation of compensatory damages to be awarded her and her father. This was error.

No evidence was introduced as to any acts of a hostile nature directed at defendant by Karen other than obscene statements and gestures allegedly directed at Andersen during previously encounters between the two. On the day of the assault, no such statements or gestures were attributed to Karen. Even if, on the day of the altercation, she had made statements of similar import to those purportedly previously uttered by her, such matters could not properly be considered in reduction of her damages in this case. Mere words, unaccompanied by actual acts of hostility or aggression, are not properly taken in mitigation of compensatory, as opposed to exemplary or punitive, damages, regardless of whether the utterance of such statements could, in certain circumstances, constitute provocation for an assault. *See Mangus v. Miller,* 35 Colo.App. 335, 535 P.2d 219. *See also Goldblatt v. Chase,* 121 Colo. 355, 216 P.2d 435; *Heil v. Zink,* 120 Colo. 481, 210 P.2d 610.

Although previous transactions between the parties may be relevant as regards a defendant's motive for a particular assault, *see Wagman v. Knorr,* 69 Colo. 468, 195 P. 1034, this is not to say that, as is asserted by defendant Andersen, the simple utterance of pejorative phrases can be considered by the jury in reduction of compensatory damages, especially where, as here, the epithets urged as provocation were uttered, if at all, at a time other than that immediately preceding the assault. *See Goldblatt v. Chase, supra.*

Plaintiffs further urge as error the instruction submitted on damages. By that instruction, in accordance with COLO.J.I. 20:4, the jury was directed that, in the event no actual damages were assessed, nominal damages in the amount of one dollar must nonetheless be awarded. Their argument in this regard is that this constituted reversible error since there was ample evidence of an unrefuted nature pertaining to actual damages suffered.

The instruction submitted was inapplicable to the undisputed facts presented as to defendant Andersen in that there

was uncontroverted evidence of damage beyond mere nominal damages. We are, however, unable to perceive how its submission could have prejudiced plaintiffs' case in any respect in that the damages actually awarded by the jury were $1,125.

However, since this question is likely to be raised again on retrial, we recommend that, assuming the evidence is substantially the same as that presented in the first trial, the reference to the possibility of a verdict awarding nominal damages be excluded from the instructions given with regard to defendant Andersen. We would note, however, that it may well be that inclusion of that portion of the instruction will be warranted in light of the evidence adduced against defendant LeGault.

Judgment reversed and cause remanded for a new trial.

SMITH and BERMAN, JJ., concur.