## No. C-985

**Valerie Andersen v. Karen Aliece Whitley, by and through her father and next friend, James A. Whitley, Jr., and James A. Whitley, Jr.**

(570 P.2d 525)

Decided September 26, 1977.

Johnson, Makris & Hunsaker, P.C., William J. Hunsaker, for petitioner.

George Alan Holley & Associates, Daniel S. M. Smith, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the court of appeals decision in *Whitley v. Andersen*, 37 Colo. App. 486, 551 P.2d 1083 (1976). In an action for damages for assault and battery, the trial court instructed the jury to consider provocative statements by the victim in mitigation of compensatory damages. The court of appeals held that giving this instruction[1] was error. It reversed the judgment of the trial court and remanded the cause for a new trial. We affirm.

Between classes at their junior high school, petitioner-appellee Valerie Andersen struck respondent-appellant Karen Whitley with her fist. As a result, Karen's jaw was fractured. She and her father brought this suit seeking $10,000 in compensatory damages from Valerie. At trial, Valerie attempted to show that her attack on Karen was in response to derogatory remarks which Karen had directed against her. For the year or two preceding the assault and battery, Karen had repeatedly directed obscene and demeaning remarks and gestures toward Valerie, according to Valerie's testimony. It is undisputed that no such verbal attack was made just prior to the incident or even on the day that it occurred. The jury verdict awarded Karen and her father $1,125 in compensatory damages.

We agree with the court of appeals that mere words, even if spoken immediately preceding the assault and battery, cannot be considered by a jury in mitigation of compensatory damages. This court has

---

[1]Instruction number 10 reads as follows:
"You are instructed that in determining the amount of damages, if any, to be awarded the Plaintiffs, you may take into consideration the manner and conduct of the Plaintiff Karen Whitley toward Defendant Valerie Andersen at and prior to the time of the altercation, and if the manner and conduct of the Plaintiff Karen Whitley was such as, in your opinion, contributed to bringing about the difficulty, then her damages, if any, should be reduced to such a sum as in your opinion would be proper."

adhered to the generally accepted rule that mere words alone, unless accompanied by an actual act of hostility, will not justify a physical attack. *Goldblatt v. Chase*, 121 Colo. 355 at 363, 216 P.2d 435 (1950). In *Heil v. Zink*, 120 Colo. 481 at 487, 210 P.2d 610 (1949), we held that "Provocation, while not a justification or an absolute defense in an action for damages arising from an assault, nevertheless where exemplary damages are sought, the malice and ill will and evidence thereof is proper for the jury's consideration in mitigation of exemplary damages which are punitive in nature."
*See also Mangus v. Miller*, 35 Colo. App. 335, 535 P.2d 219 (1975).

 Thus, while an assault and battery can not be justified or excused by a showing of provocative words, such evidence may bear upon the degree of malice involved in the attack, which a jury could consider in the assessment of exemplary damages. Exemplary damages were not sought in this case. Consequently, the instruction that the jury could consider the provocative statements in mitigation of compensatory damages was erroneous.

The judgment of the court of appeals is affirmed.