In re David Perez RIZO, Debtor.

Ronald TORREZ, Plaintiff,

v.

David Perez RIZO, Defendant.

No. 83 J 1143.

United States Bankruptcy Court, D. Colorado.

Nov. 9, 1983.

Bruce Friend, Greeley, Colo., for plaintiff.

Rebecca Koppes, Greeley, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the court on the parties' cross-motions for Summary Judgment.

In 1977, Plaintiff sued the Defendant for assault and battery in state court. The trial, on September 27, 1977, was to the court. The Honorable Hugh H. Arnold entered judgment in favor of Plaintiff for $7,500.00 in compensatory damages. Plaintiff's claim for punitive damages was denied.

On March 30, 1983, the Defendant filed a petition for relief under Chapter 7. He listed Plaintiff as a creditor for the amount of the state court judgment. The Plaintiff then filed this Complaint to Determine Dis-

chargeability of the Debt. Plaintiff asserts that the debt is non-dischargeable under 11 U.S.C. § 523(a)(6).

Section 523(a)(6) states that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity...." Both parties contend that the issue of whether the Defendant's conduct constituted a willful and malicious injury to the Plaintiff has been fully litigated by them in state court. Both parties also argue that the doctrine of collateral estoppel precludes relitigation of the issue before this Court.

Plaintiff's position is that the elements of willful and malicious conduct are established by the state court's finding that the Defendant did commit assault and battery. The Defendant argues that because the state court specifically refused to award exemplary damages, it necessarily found that Defendant's conduct, though intentional, was without malice.

This Court agrees that collateral estoppel applies to bankruptcy dischargeability determinations where the issue decided in the prior proceeding is identical to the issue to be decided under § 523, the issue in the prior action was actually litigated, and the determination of the issue in the prior action was necessary and essential to the prior judgment. (See this Court's recent decision in *Asplin and Leidy v. Mueller*, 34 B.R. 869 (Bkrtcy.Colo.1983), and cases cited therein.)

The state court's findings and conclusions in this case are as follows:

The Court does find that the Defendant struck the Plaintiff with a pool stick in a confrontation in the pool hall, and that the claim of self defense is not established, certainly to the degree of the activity by the Defendant. There was no evidence to warrant or to suggest that that was in any way necessary for his own well being, that he strike the Plaintiff in the manner in which he did and cause the serious injuries that were apparently caused.

The Court does find that there has been bad blood between the parties, and that there have been times in the past that there have been some provocative activities on the part of the Plaintiff which created a situation that in a way led to the incident in the pool hall, although I agree entirely with defense counsel, there was nothing in the pool hall that justified the actions the Defendant took, but that by past conduct the Plaintiff had created some of the problem that he suffered from the night in question.

Therefore, the Court in assessing damages will take that into consideration to a slight degree in modifying the damages. As the finder of fact the Court will moderate the damages to some extent as a result of the prior actions of the Plaintiff in this matter. But all things taken into consideration and the seriousness of the injuries, I should say that the Court denies the claim for punitive damages based on the prior conduct between the parties, but that the compensatory damages will be set in the amount of $7,500.00, together with costs and interest from the date of filing the complaint. Defense may have ten days for the filing of a motion, if they wish.

The Defendant has conceded that by finding in favor of the Plaintiff on his claim of assault, the judge necessarily found that Defendant's actions in striking Plaintiff with a pool cue were intentional or willful. I also hold that by his finding that the claim of self-defense was not established and that "there was nothing in the pool hall that justified the actions the Defendant took," the judge also found the Defendant acted maliciously as that term is used in § 523(a)(6).

This Court has adopted the following definition of malice, set forth in 3 *Collier on Bankruptcy,* ¶ 523.16(1) at p. 523–118 (15th ed. 1982):

An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or

excessive, even in the absence of personal hatred, spite or ill-will.

See, Asplin and Leidy v. Mueller, supra and In re Irvin, 31 B.R. 251 (Bkrtcy.Colo.1983).

Collier goes on to state that "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." 3 Collier on Bankruptcy, ¶ 523.16(1) at 523–119. The state court judge found that .Defendant intentionally struck Plaintiff with a pool cue. This is a wrongful act which necessarily produces harm. He also specifically found that there was no just cause or excuse for Defendant's action. Therefore, the elements of a willful and malicious action have been established and collateral estoppel applies to bar the Defendant from claiming the debt is dischargeable. In re Pitner, 696 F.2d 447 (6th Cir.1982).

The Defendant's argument that the state court necessarily found he acted without malice because it failed to award exemplary damages is without merit. In Colorado the award of exemplary damages is governed by § 13–21–102, C.R.S., which provides:

> In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. (Emphasis added.)

This statute also applies to the assessment of exemplary damages when a court is acting as the trier of fact. Calvat v. Franklin, 90 Colo. 444, 9 P.2d 1061 (1932). By the clear wording of the statute, the award of exemplary damages is optional and rests in the discretion of the trier of fact. A judge or jury could find fraud, malice, insult or wanton and reckless disregard of the injured party's rights and feelings and still not award exemplary damages.

The Defendant has also argued that the state court judge found that the De-

fendant's actions were justified, and therefore not malicious, because the judge found that there was "bad blood" between the parties and "some provocative activities on the part of the Plaintiff ... created a situation that in a way led to the incident in the pool hall ..." I do not agree. Under Colorado law, provocation by the victim is not considered a justification or excuse for an assault, though it may be considered by the trier of fact in mitigation of punitive damages. Heil v. Zink, 120 Colo. 481, 210 P.2d 610 (1949); Mangus v. Miller, 35 Colo. App. 335, 535 P.2d 219 (1975). This is apparently just what the trial court did in this case. It may explain why there was no award of exemplary damages, but it does not affect the conclusion that a wrongful, unjustified assault was committed by the Defendant.

. For all the foregoing reasons, it is

ORDERED that · Plaintiff's Motion for Summary Judgment is granted, and the debt owed by David Rizo to Ronald Torrez is hereby declared to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6).