**Daniel P. VALDEZ, Plaintiff–Appellee,**

v.

**The CITY AND COUNTY OF DENVER, Defendant–Appellant.**

**No. 85CA0113.**

Colorado Court of Appeals,
Div. IV.

Oct. 20, 1988.

Zuckerman & Kleinman, P.C., Leo T. Zuckerman, Michael J. Kleinman, Denver, for plaintiff-appellee.

Halaby & McCrea, Theodore S. Halaby, Robert M. Liechty, Denver, for defendant-appellant.

SMITH, Judge.

The City and County of Denver (City) appeals the trial court's judgment entered upon a directed verdict of liability in favor of Daniel P. Valdez (Valdez). We reverse and remand for a new trial.

Valdez commenced an action against four Denver police officers asserting claims of false arrest, false imprisonment, assault and battery, and civil rights violations under 42 U.S.C. § 1983. He also alleged a claim of negligent hiring, retention, training, and supervision against the City. During the course of the proceedings, the parties stipulated to the dismissal of the § 1983 claim and all claims against the officers. They agreed that the action would be retitled to name City as defendant and that all claims would proceed against the City only.

After presentation of the evidence, the court directed a verdict in favor of Valdez. The court made a finding that the officers had illegally entered Valdez' home and therefore concluded that any arrest that grew out of such illegal entry constituted false arrest and false imprisonment. The court also indicated that it was directing a verdict of liability on all theories alleged by Valdez, including the assault and battery and negligence claims, but did not make any specific findings as to the factual basis sustaining each claim. It then submitted the issue of damages to the jury which returned a judgment of $10,000 in favor of Valdez.

City argues that the court's finding of illegal entry by its officers does not establish as a matter of law all of the elements of the claim of negligent hiring, retention, training, and supervision. Moreover, it contends that the only cause of action which Valdez had against City was his claim of negligence. City also asserts that it was improperly precluded from asserting and proving its affirmative defenses of the good faith of the officers, self-defense, contributory negligence, and immunity under the Governmental Immunity Act, § 24-10-101, et seq., C.R.S. (1982 Repl.Vol. 10) (Act). We agree in part and therefore reverse and remand for a trial on the merits of Valdez' claims remaining after the stipulation.

I.

Under § 24-10-104(1), C.R.S. (1982 Repl.Vol. 10), in effect at the time of the injury, a public entity was deemed to have waived the defense of sovereign immunity when it obtained insurance coverage from an insurance company authorized to do business in the state to insure itself against liability resulting from an act or omission of its employees acting within the scope of their employment. Here, no such insur-

ance had been obtained, and the fact that City was self-insured does not constitute a waiver of its immunity. *Cobbin v. City & County of Denver*, 735 P.2d 214 (Colo.App. 1987). However, Valdez asserts that City waived its immunity by confessing that if Valdez was successful in proving the assault and battery, City intended to pay the judgment whether it was negligent or not. We agree that the Act is not available to the City here.

Here, in addition to claiming inadequate notice, City stated in its answer as an affirmative defense only that: "Any recovery by the plaintiff is limited by the provisions of the Governmental Immunity Act." City does not appeal the court's determination that it admitted sufficient notice in its Answer.

■ The *limits* of the Act are jurisdictional and therefore cannot be waived by the parties. *Lee v. Colorado Department of Health*, 718 P.2d 221 (Colo.1986); *City of Colorado Springs v. Gladin*, 198 Colo. 333, 599 P.2d 907 (1979). However, in construing the provisions of the Act applicable here, *cf.* § 24–10–109(1), C.R.S. (1987 Cum. Supp.) and § 24–10–118(1)(a), C.R.S. (1987 Cum.Supp.), we have held that a public entity can be equitably estopped from raising the bar of strict compliance with the notice provisions of the Act. *See Gray v. Regional Transportation District*, 43 Colo.App. 107, 602 P.2d 879 (1979); *see also Slovek v. Board of County Commissioners*, 697 P.2d 781 (Colo.App.1984), *aff'd*, 723 P.2d 1309 (Colo.1986).

We find no case law to support City's position that the *defense* of immunity, as distinguished from the *limits* of liability cannot be waived. Thus, since neither the acts of the officers nor the City fall within the exceptions to immunity enumerated in § 24–10–106, C.R.S. (1982 Repl.Vol. 10), the first issue to address is whether City waived the defense of sovereign immunity.

■ Waiver is a voluntary abandonment or surrender by competent persons of a right known to exist. *Colorado Bank & Trust Co. v. Western Slope Investments, Inc.*, 36 Colo.App. 149, 539 P.2d 501 (1975). Liability may exist where immunity has not been raised as a defense by a public entity which incorrectly believed that its self-insurance effected a waiver of its immunity. *See Duggan v. Board of County Commissioners*, 747 P.2d 6 (Colo.App.1987).

■ Here, counsel for the City conceded at trial that: "If the jury determines that indeed Mr. Valdez was assaulted and battered, the City, by its pleadings has already agreed to pay his damages," and that: "[I]f the plaintiff is successful in proving the assault and battery, then it is really irrelevant whether the City was negligent because we intend to pay any judgment rendered against the City." We conclude that, under the circumstances at issue, these statements, together with City's limited assertion of immunity were sufficient to constitute an express waiver of sovereign immunity as a defense to Valdez' claim of assault and battery.

■ Moreover, since City agreed to be liable for any misdeeds of its officers, and since the officers' acts in arresting Valdez were nondiscretionary decision-making acts which do not give rise to immunity, *see Cooper v. Hollis*, 42 Colo.App. 505, 600 P.2d 109 (1979), City cannot now renege from the obligations assumed by its stipulation through use of the protection of sovereign immunity. *Cf. State v. Mason*, 724 P.2d 1289 (Colo.1986) (parole board members are entitled to quasi-judicial immunity for their quasi-judicial functions but not for supervisory functions).

## II.

■ City also asserts that the complaint merely alleges against it a single cause of action for negligence by it in its hiring, retaining, training, and supervising the officers involved. Thus, it argues that the claim for assault and battery which was originally asserted only against the officers did not survive the stipulation which dismissed the officers as parties. We disagree.

The stipulation stated that: "From this date forward, the action will be entitled Daniel P. Valdez, plaintiff v. City & County

of Denver, defendant. *All claims* will proceed against the City & County of Denver only." (emphasis added) We interpret this statement as an agreement by City to be substituted as the defendant in those claims Valdez originally made against the officers, including the claim for assault and battery. Any other interpretation would render superfluous the use of the word "all" in the stipulation.

### III.

City finally argues that the trial court's finding that the officers unlawfully entered Valdez' home does not necessarily lead to the conclusion that the City is liable for misconduct which may have resulted from such entry. Therefore, it contends that the court should have submitted to the jury Valdez' claim for assault and battery. We agree.

The determination as a matter of law that the entry was unlawful was not raised on appeal. Therefore, assuming that such determination was correct, we agree that the question of whether an assault and battery occurred was a question of fact which should have been submitted to the jury.

To constitute an assault, it is enough wilfully to set in motion a force which in its ordinary course causes an injury. *Mooney v. Carter*, 114 Colo. 267, 160 P.2d 390 (1945). Whether a particular act constitutes an offensive bodily contact is ordinarily a question to be determined by the jury, *Whitley v. Anderson*, 37 Colo.App. 486, 551 P.2d 1083 (1976) *aff'd*, 194 Colo. 87, 570 P.2d 525 (1977), as is the question of what constitutes excessive force. *People v. Smith*, 682 P.2d 493 (Colo.App.1983).

The right of self-defense enables a person to defend himself from what he reasonably believes to be the use or imminent use of unlawful physical force and allows him to use a degree of force which he reasonably believes to be necessary for that purpose. Section 18–1–704(1), C.R.S. (1986 Repl.Vol. 8B). Moreover, although an officer may assert the defense of good faith and reasonableness in response to an allegation of tortious conduct on his part, *Coo-*

*per v. Hollis, supra,* he is not entitled to use force to arrest a person who refuses to comply with an unlawful order. *Enright v. Groves*, 39 Colo.App. 39, 560 P.2d 851 (1977). Whether the officers acted in good faith is a question for the jury. *Goodboe v. Gabriella*, 663 P.2d 1051 (Colo.App.1983).

Consequently, the issues of whether the officers or Valdez initiated force; whether the force used by the officers was unreasonable; and whether Valdez used reasonable force in his self-defense when he resisted the unlawful arrest should have been submitted to the jury for a factual determination of Valdez' claim for assault and battery. The jury likewise should have been permitted to consider plaintiff's other remaining claims.

### IV.

Finally, City asserts that it should be awarded the costs it incurred for preparation of the transcript of the entire proceedings. Valdez insisted that that portion of the record be certified but did not cite in his brief any portions of the transcript. City also requests attorney fees for the time spent resisting the need for, and obligation to pay for, such transcript which was designated beyond the deadline set forth in C.A.R. 10(b).

Since we conclude that such record was necessary to determine the appropriateness of the directed verdict, we decline to award the costs and the fees requested by City.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for trial on Valdez' claims remaining after the stipulation.

KELLY, C.J., and METZGER, J., concur.