**Eric HALL, Plaintiff–Appellant,**

v.

**Marcus McBRYDE By and Through his parent and next friend James McBRYDE; Kathleen McBryde, Individually; and James McBryde, Individually, Defendants–Appellees.**

**No. 95CA1180.**

Colorado Court of Appeals, Div. II.

May 2, 1996.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1995 Cum.Supp.)

Feder, Morris, Tamblyn & Goldstein, P.C.,
Leonard M. Goldstein, Mark D. Thompson,

Alicia B. Kelly, Denver, for Plaintiff–Appellant.

No Appearance for Defendants–Appellees.

Opinion by Judge HUME.

Plaintiff, Eric Hall, appeals from a judgment entered in favor of defendant, Marcus McBryde (Marcus), on a claim of battery, and in favor of Marcus' parents, defendants, James McBryde and Kathleen McBryde, on claims of negligent maintenance of a weapon and negligent supervision. We affirm in part, reverse in part, and remand with directions.

On January 14, 1993, Marcus was at his parents' home with another youth after school. Although, at that time, Marcus was, pursuant to his parents' wishes, actually living in a different neighborhood with a relative and attending a different high school in the hope of avoiding gang-related problems, he had sought and received permission from his father to come to the McBryde house that day to retrieve some clothing. Prior to that date, Marcus had discovered a loaded gun hidden under the mattress of his parents' bed. James McBryde had purchased the gun sometime earlier.

Soon after midday, Marcus noticed some other youths in a car approaching the McBryde house, and he retrieved the gun from its hiding place. After one of the other youths began shooting towards the McBryde house, Marcus fired four shots toward the car containing the other youths.

During the exchange of gunfire one bullet struck plaintiff, who lived next to the McBryde residence, causing an injury to his abdomen that required extensive medical treatment. Although plaintiff testified that it was Marcus who shot him, the trial court made no finding as to whether plaintiff was struck by a bullet fired by Marcus.

Neither James McBryde nor Kathleen McBryde was home at the time of the shooting. In a deposition, the transcript of which was introduced at trial, James McBryde testified that he had no recollection of telling Marcus that he had purchased the gun and that he believed he was the only one in the house who was aware of it. Marcus testified in a deposition, also introduced at trial, that his father had never told him about the gun and that he discovered it on his own.

Although none of the defendants appeared for trial, the trial court received testimony from plaintiff and reviewed prior deposition testimony in the case. Thereafter, the trial court entered its "Verdict of the Court and Entry of Judgment" in which it found in favor of defendants on all three of plaintiff's claims.

I.

■ Plaintiff first contends that the trial court erred in entering judgment for James and Kathleen McBryde on plaintiff's claim of negligent maintenance of a weapon. We disagree.

■ A claim for relief founded on negligence requires proof of the following elements: (1) a duty or obligation, recognized by law, requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure or breach of duty by the defendant to conform to the standard required by law; (3) a sufficient causal connection between the offensive conduct and the resulting injury; and (4) actual loss or damage to the plaintiff. *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.,* 739 P.2d 239 (Colo.1987).

■ Whether a legal duty should be imposed in a particular case is essentially one of fairness under contemporary standards—whether reasonable persons would recognize a duty and agree that it exists. *See Connes v. Molalla Transport System, Inc.,* 831 P.2d 1316 (Colo.1992).

Here, the trial court first concluded that Kathleen McBryde had no legal duty to plaintiff regarding proper maintenance of the weapon because plaintiff presented no evidence that she even knew of its existence. Plaintiff's brief on appeal does not challenge this conclusion as to Kathleen McBryde or the factual finding supporting it. Accordingly, we affirm the trial court's conclusion that no duty regarding maintenance of the weapon existed as to Kathleen McBryde. *See*

*Connes v. Molalla Transport System, Inc., supra.*

As to defendant James McBryde, the trial court concluded that he did owe a duty of reasonable care to protect plaintiff from being injured by the weapon. We agree with the trial court's conclusion that such a duty exists under Colorado law. *See Dickens v. Barnham,* 69 Colo. 349, 194 P. 356 (1920) (father may be liable for negligently permitting child access to weapon which caused injury to third party).

While the issue of whether a duty exists is a question of law, whether a defendant has breached such a duty is typically a question of fact. *See Kenney v. Grice,* 171 Colo. 185, 465 P.2d 401 (1970)(whether defendant's actions constituted due care was for trier of fact to determine); *Smith v. Safeway Stores, Inc.,* 636 P.2d 1310 (Colo.App. 1981)(what constituted reasonable steps to discover and obviate dangerous condition is question of fact), *aff'd,* 658 P.2d 255 (Colo. 1983).

Here, acting as fact finder, the trial court determined that James McBryde's conduct, including his efforts to conceal the weapon's existence from Marcus and to hide the weapon in a place where Marcus spent little time, constituted reasonable care under the circumstances. Because more than one inference may be drawn from the facts, and because the determination of the trial court is supported by evidence in the record, we will not disturb it on appeal. *See Mitchell v. Allstate Insurance Co.,* 36 Colo.App. 71, 534 P.2d 1235 (1975).

We also reject plaintiff's assertion that the trial court's reliance on the *Mitchell* decision was somehow erroneous because *Mitchell* involved a claim of negligent supervision. As we read the trial court's order, the court relied on *Mitchell* only to illustrate that any prior violent conduct by Marcus could have affected the quantum of care that James McBryde was required to exercise with respect to the weapon. Indeed, had Marcus demonstrated a prior history of violent behavior or use of dangerous weapons, James McBryde might have been required to take additional precautions in order to satisfy the standard of reasonable care.

In sum, we find no error as to the trial court's judgment in favor of James and Kathleen McBryde on the claim of their negligent maintenance of a weapon.

## II.

Plaintiff next contends that the trial court erred in entering judgment for James and Kathleen McBryde on the claim of negligent supervision. Again, we disagree.

A parent is not liable for the torts committed by his or her child merely because of the parent-child relationship. However, when a child has a known propensity to commit a potentially harmful act, the parent has a duty to use reasonable care to prevent the child from causing such harm if the parent knows or should know of the propensity and has the ability and opportunity to control the child. *Horton v. Reaves,* 186 Colo. 149, 526 P.2d 304 (1974); *Mitchell v. Allstate Insurance Co., supra.*

Here, the trial court found no evidence that Marcus had been a member of a gang, that he had ever been arrested prior to the shooting incident, or that he otherwise had any history of violent or improper behavior. The trial court also determined that allowing Marcus to return to the McBryde home unsupervised during the afternoon of the shooting to pick up clothing "was not a breach of [the parents'] duty of supervision that any reasonable person would recognize."

Once again, because more than one inference or conclusion may be drawn from the facts and because the trial court's determination is supported by evidence in the record, it will not be disturbed. *See Mitchell v. Allstate Insurance Co., supra.*

## III.

Finally, plaintiff contends that the trial court erred in entering judgment for Marcus on the claim of battery. We agree.

An actor is subject to liability to another for battery if he or she acts intending to cause a harmful or offensive contact with the person of the other or a third per-

son, or an imminent apprehension of such a contact, and a harmful or offensive contact with the person of the other directly or indirectly results. Restatement (Second) of Torts §§ 13, 18 (1965); W. Keeton, D. Dobbs, R. Keeton, D. Owen, *Prosser & Keeton on the Law of Torts* § 9 (5th ed.1985); *see Whitley v. Andersen,* 37 Colo.App. 486, 551 P.2d 1083 (1976), *aff'd,* 194 Colo. 87, 570 P.2d 525 (1977); *CJI–Civ.3d* 20:5 (1989).

Here, the trial court found that there was no evidence indicating that Marcus intended to shoot at plaintiff. Furthermore, based upon statements by Marcus that he was not purposely trying to hit the other youths but, instead, was shooting at their car, the trial court also determined that plaintiff had failed to prove Marcus intended to make contact with any person other than plaintiff. Based upon this second finding, and relying on *CJI–Civ.3d* 20:5 and *CJI–Civ.3d* 20:8 (1989), the trial court concluded that the doctrine of transferred intent could not apply to create liability for battery upon plaintiff. We conclude that, in reaching its determination that no battery occurred, the trial court did not properly analyze the intent required for battery or the transferability of such intent.

As set forth above, the intent element for battery is satisfied if the actor either intends to cause a harmful or offensive contact or if the actor intends to cause an imminent apprehension of such contact. Moreover, with respect to the level of intent necessary for a battery and the transferability of such intent, Restatement (Second) of Torts § 16 (1965) provides as follows:

(1) If an act is done with the intention of inflicting upon another an offensive but not a harmful bodily contact, or of putting another in apprehension of either a harmful or offensive bodily contact, and such act causes a bodily contact to the other, the actor is liable to the other for a battery although the act was not done with the intention of bringing about the resulting bodily harm.

(2) *If an act is done with the intention of affecting a third person in the manner stated in Subsection (1), but causes a harmful bodily contact to another, the actor is liable to such other as fully as though he intended so to affect him.* (emphasis added)

*See also* Restatement (Second) of Torts § 20 (1965); *Alteiri v. Colasso,* 168 Conn. 329, 362 A.2d 798 (1975)(when one intends an assault, then, if bodily injury results to someone other than the person whom the actor intended to put in apprehension of harm, it is a battery actionable by the injured person); *Brown v. Martinez,* 68 N.M. 271, 361 P.2d 152 (1961).

Here, the trial court considered only whether Marcus intended to inflict a contact upon the other youths. It did not consider whether Marcus intended to put the other youths in apprehension of a harmful or offensive bodily contact.

However, we conclude, as a matter of law, that by aiming and firing a loaded weapon at the automobile for the stated purpose of protecting his house, Marcus did intend to put the youths who occupied the vehicle in apprehension of a harmful or offensive bodily contact. Hence, pursuant to the rule set forth in Restatement (Second) of Torts § 16(2) (1965), Marcus' intent to place other persons in apprehension of a harmful or offensive contact was sufficient to satisfy the intent requirement for battery against plaintiff.

Accordingly, we conclude that the cause must be remanded for additional findings as to whether the bullet that struck plaintiff was fired by Marcus. If the trial court finds that the bullet was fired by Marcus, it shall find in favor of plaintiff on the battery claim and enter judgment for damages as proven by plaintiff on that claim.

The judgment is affirmed as to plaintiff's negligence and negligent supervision claims against defendants James McBryde and Kathleen McBryde. As to the plaintiff's battery claim against defendant Marcus McBryde, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CRISWELL and JONES, JJ., concur.