UNITED STATES COURT OF APPEALS

**Filed 12/23/96**

FOR THE TENTH CIRCUIT

DAVID CERULLO,

      Plaintiff-Appellant,

v.

T. ALLEN, Unit Manager, FDC;
C. STRICKLAND, Administrator,
FDC; C. LAMB, Acting HSA;
W.E. PERRILL, Warden,
FCI Englewood; FEDERAL BUREAU
OF PRISONS; UNITED STATES OF
AMERICA,

      Defendants-Appellees.

No. 95-1547
(D.C. No. 95-B-932)
(D. Colo.)

DAVID CERULLO,

      Plaintiff-Appellant,

v.

T. D. ALLPORT, BOP Counselor;
J. TANNER, BOP F/S Foreman;
T. FAHRENKAMP, BOP F/S
Foreman; W. E. PERRILL, Warden,
FCI Englewood; FEDERAL BUREAU
OF PRISONS; UNITED STATES OF
AMERICA; KAREN HENDRIKSON,
Case Manager, FDC; PAUL SCHUCH,
Case Manager, FPC,

      Defendants-Appellees.

No. 96-1010
(D.C. No. 94-M-1937)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cases are therefore ordered submitted without oral argument.

96-1010

Plaintiff, a pro se prisoner at the time of this appeal, appeals two orders of summary judgment entered by the district court.  By order dated April 3, 1995, the district court granted summary judgment in favor of the individual defendants, finding that they "have no liability for negligence and nothing in the plaintiff's

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

submissions shows that there was such deliberate indifference or malicious conduct on behalf of these defendants that would make them individually liable for violations of rights protected by the United States Constitution." R. Vol. I, tab 26 at 1-2. On December 6, 1995, the district court granted summary judgment in favor of the United States on plaintiff's claim under the Federal Tort Claims Act (FTCA). Judgment was entered on those two orders on December 7, 1995.

Our review of the district court's orders granting summary judgment is de novo, and we apply the same legal standards as did the district court. See Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995). Within these parameters, we must determine whether there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. See id.

Plaintiff alleges in this appeal that the individual defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, in that they were deliberately indifferent to his serious medical needs. Plaintiff suffers from hip pain, and he claims that defendants consistently put or kept him in jobs that exacerbated his pain and worsened his condition, contrary to the directions of various Medical Duty Status (MDS) reports. He also complains of negligence under the FTCA relating to the same facts.[1]

_____

[1]      Defendants' brief on appeal addresses two issues not mentioned in plaintiff's brief in chief: possible due process rights violation resulting from a
                                                                (continued...)

-3-

To violate plaintiff's Eighth Amendment right, defendants must be shown to have been deliberately indifferent to a substantial risk of serious harm to plaintiff. See Farmer v. Brennan, 114 S. Ct. 1970, 1974 (1994). The two-fold inquiry requires us to determine "if the officials act[ed] with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Mitchell v. Maynard, 80 F.3d 1433, 1442 (10th Cir. 1996). Further, no liability attaches if prison officials respond reasonably to the risk, even if the harm ultimately is not avoided. Farmer, 114 S. Ct. at 1982-83. The record in this case shows that defendants made several job changes and adjustments in response to plaintiff's changing MDS reports. Further, nothing presented to the district court indicates that any delay in responding to the reports was anything more than mere negligence. We agree with the district court that nothing presented by plaintiff establishes an Eighth Amendment violation.

Plaintiff also claims government liability under the FTCA for negligence by prison officials in worsening his hip condition by failing to assign him to

---

[1](...continued)
hearing before the UDC on an incident report; and constitutional violation resulting from plaintiff's transfer to a different unit. Plaintiff did raise these issues before the district court but, because they were not raised in plaintiff's appellate brief in chief, we do not consider them. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

-4-

different jobs. The district court found that the conduct of the prison officials was within the discretionary function exception and granted summary judgment in favor of the United States. We agree with the district court that the decision as to which prison jobs plaintiff would be assigned involved an element of judgment or choice and were based on considerations of public policy. See Domme v. United States, 61 F.3d 787, 789-90 (10th Cir. 1995). We AFFIRM the summary judgment orders of the district court.

95-1547

In this action under the FTCA, plaintiff sought damages against defendants for losses associated with guitar strings and vending machine use. The magistrate judge recommended that defendants' motion for summary judgment be granted. The district court reviewed de novo the recommendation and the response and objections thereto and granted summary judgment in favor of defendants.

Plaintiff sought authorization from the institution physician to receive replacement strings for his guitar from home. Authorization was granted, and plaintiff's brother sent three sets of guitar strings. When the package arrived at the prison, however, it was initially refused because the authorization had not been signed by the proper party. Plaintiff was eventually allowed the strings, which were to be held by his unit team and issued on a one-for-one replacement

basis. Used replacement strings that had been confiscated from plaintiff's cell were also held. When plaintiff requested a used replacement string, defendant Allen informed him that the used strings had been thrown away. Plaintiff seeks damages for time, trouble and mailing costs of the initial package, as well as for the guitar strings that were thrown away. Plaintiff also seeks damages for losses incurred by his wife and others as a result of monies lost in the prison vending machines.

The district court granted defendants' motion for summary judgment on these claims. We review the grant of summary judgment de novo, and we apply the same legal standards as did the district court. See Wolf, 50 F.3d at 796. After reviewing the record, we agree with the district court that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See id. We agree with the magistrate judge that this action sounds in negligence and is properly brought against the United States under the FTCA. We also agree with the finding that plaintiff has not demonstrated the elements of negligence. See Hall v. McBryde ex rel. McBryde, 919 P.2d 910, 912 (Colo. Ct. App. 1996).

The judgments of the United States District Court for the District of

Colorado are AFFIRMED.  The mandates shall issue forthwith.


Entered for the Court


John W. Lungstrum
District Judge