90 U.S. 504
 23 L.Ed. 160
 23 Wall. 504
 EX PARTE MEDWAY.
 October Term, 1874
 
 ON petition for mandamus.
 The case was thus: Medway had filed a petition in the Court of Claims for the recovery, under the Abandoned and Captured Property Acts, of the proceeds of ninety-four bales of cotton, of which he alleged himself to have been the owner, and which he alleged had been seized and sold by the United States, who now had the net proceeds, $17,386.20, in their treasury. A trial was had, and the court found as facts that the claimant was the owner of the number of bales stated, that they had been captured by the United States military forces at Wilmington, North Carolina, in February, 1865; that they had been turned over to the Treasury agent at Wilmington, and sold in New York, in August, 1865; and that the net proceeds thereof were in the treasury.
 But it refused to find as another fact that which the plaintiff requested it to find, namely, 'that the whole amount of net proceeds of the said bales was $17,386.20.'
 Judgment was rendered against the plaintiff, who thereupon appealed to the Supreme Court.
 The Supreme Court reversed the judgment and remanded the cause for further proceedings, 'in conformity with law and justice.' The record in the Supreme Court contained the foregoing findings, and showed the failure of the Court of Claims to make the computation and state the amount of proceeds.
 The plaintiff then filed the mandate in the Court of Claims, and moved that court to proceed with the case from the point reached by the reversal, which proceeding he alleged would be 'in conformity with law and justice.' The court, however, refused to so proceed, and on the contrary, on the 5th of April, 1875, ordered that all the findings of fact originally made and filed, and upon which the case had been heard in the Supreme Court, should be set aside and held for naught, and that a trial be had de novo.
 Mr. Thomas Wilson, for the plaintiff, now filed a petition in this court, setting forth these facts and praying that the judges of the Court of Claims show cause why a mandamus should not be issued to the said court, to compel it to vacate its said order of April 5th, 1875, and it proceed in obedience to the mandate of this court, and in conformity to law and justice in the case.
 The judges of the Court of Claims showed for cause——
 1st. That the mandate of the Supreme Court left the Court of Claims to decide what further proceeding in the case would be in conformity to law and justice; and
 2d. That it was in conformity to law and justice to set aside the findings of fact which had been made on the first trial, and try the case de novo; and thereupon the said order of April 5th, 1875, was made.
 The question now was upon the sufficiency of the return.
 
 Mr. Thomas Wilson, for the petitioner:
 
 The court below having once tried the case, and having decided every question of fact arising in it, except making the computation and statement of the amount in dollars and cents, and having filed its findings in the nature of a special verdict, and an appeal having been had to the Supreme Court, which reversed the judgment and remanded the cause for further proceeding, the court below should be now required to proceed from the point reached by the reversal, and cannot go back over and retry those questions of fact which were settled and determined on the former trial, and which, being certified to the Supreme Court on appeal, formed the basis of its reversal.*
 The finding of facts set forth in the record remained on file in the Court of Claims; it continued to be part of its record. The judgment alone was reversed. The finding of fact remained unreversed and in full forc , the same as would a case stated, the report of an auditor, or a special verdict. But for this finding as to ownership, seizure, sale, and proceeds in the treasury, the judgment would not have been reversed. It was upon these findings that the reversal was made; yet the Court of Claims, upon regaining jurisdiction of the case, so far ignore the action of the Supreme Court as to strike out and set aside the finding of those facts upon which that court based its reversal.
 If the proposition which we contend for is incorrect, then no decision of the Court of Claims is final upon the facts, and the different issues in a case may be determined seriatim, with an appeal to the Supreme Court intervening between each decision. If upon each reversal and remanding there be allowed a trial de novo, there may be injected another and a new defence, which may result in another decision upon another issue, and the granting of another appeal, and so on, until the last issue is disposed of by the second, third, or perhaps fourth appeal, the number of appeals being limited only by the number of issues in the case.
 This is the inevitable result of the position taken by the Court of Claims. That it is erroneous is obvious.
 Mr. John Goforth, Assistant Attorney-General, contra.
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 1
 Our mandate required the Court of Claims to proceed in the cause remanded in conformity to law and justice. We did not undertake to direct what law and justice did require, any further than to say that upon the finding of facts appearing in the record sent to us upon the appeal, the judgment was erroneous. In everything else the Court of Claims was left free to proceed with the cause in its own way and according to its own judicial discretion. That discretion we cannot control in this form of proceeding.
 
 
 2
 PETITION DISMISSED.
 
 
 
 *
 Cameron v. McRoberts, 3 Wheaton, 591; White v. Atkinson, 2 Call, 376*; Price v. Campbell, 5 Id. 115.