UNITED STATES *v.* MALHAME & Co. (No. 4136)[1]

United States Court of Customs and Patent Appeals, March 7, 1938

*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney, of counsel), for the United States.
*Sharretts & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[Oral argument February 11, 1938, by Mr. Auster and Mr. Edward P. Sharretts]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges[2]

LENROOT, Judge, delivered the opinion of the court:

On January 25, 1937, this court rendered a decision in Appeals Nos. 4001 and 4005, reported in 24 C. C. P. A. (Customs) 448, T. D. 48911. In these appeals the dutiable value of certain cloth-bound prayer books and certain leather-bound prayer books was involved. Export value was involved with respect to the cloth-bound books, and cost of production with respect to the leather-bound books. We affirmed the judgment, the subject of the appeals, as to the export value of the cloth-bound books, and reversed it with respect to the leather-bound books, our opinion stating that the case would be remanded to the Customs Court for further proceedings consistent with our views expressed in said opinion. Judgment was entered by

---

[1] T. D. 49497.
[2] Jackson, Judge, took no part in the consideration or decision of this case.

us in accordance with said decision, and in due course we issued our mandate to the United States Customs Court, pursuant to said judgment. Said mandate reads as follows:

MANDATE

UNITED STATES COURT OF CUSTOMS AND PATENT APPEALS

At a session of said court continued and held at the city of Washington, pursuant to adjournment, on this 25th day of January A. D. 1937.

\*        \*        \*        \*        \*        \*        \*

The United States, Appellant, v. Malhame & Co., Appellee.   Customs Appeal No. 4001.   Malhame & Co., Appellant, v. The United States, Appellee.   Customs Appeal No. 4005.

Said appeals having heretofore been brought on to be heard before the court and due consideration thereon having been had, it is:

ORDERED that the judgment of the United States Customs Court be, and the same is hereby, affirmed, insofar as it relates to cloth-bound prayer books, and that said judgment be, and the same is hereby, reversed insofar as it relates to leather-bound prayer books; and said cause is remanded to said court for further proceedings consistent with the views expressed by this court herein.

\*        \*        \*        \*        \*        \*        \*

I, Arthur B. Shelton, Clerk of the United States Court of Customs and Patent Appeals, do hereby certify that the above is a true and correct copy of the order made in the above-entitled case on the 25th day of January A. D. 1937.

Witness my hand and the seal of this court this 31st day of March A. D. 1937.

[SEAL]                                                   ARTHUR B. SHELTON,

Clerk.

On August 25, 1937, the Customs Court, First Division, rendered a judgment in said cause which reads as follows:

JUDGMENT IN CONFORMITY WITH MANDATE OF THE UNITED STATES COURT OF CUSTOMS AND PATENT APPEALS

\*        \*        \*        \*        \*        \*        \*

This cause having come on for hearing before this Court and a judgment having been rendered in favor of the United States with respect to cloth-bound books and in favor of Malhame & Co., as to leather-bound books (Reappt. Decision 3811), and the said parties having thereafter appealed from said judgment to the United States Court of Customs and Patent Appeals, and the said United States Court of Customs and Patent Appeals having transmitted to this Court its mandate, by which it appears that the judgment of this Court insofar as it relates to cloth-bound books is affirmed, and insofar as it relates to leather-bound books is reversed, the cause being remanded to this Court for further proceedings consistent with the views expressed by the said United States Court of Customs and Patent Appeals,

Now, in conformity with the said mandate of the United States Court of Customs and Patent Appeals, it is hereby

Ordered, adjudged, and decreed that the original judgment of this Court in this case, insofar as it relates to the cloth-bound books, shall stand as made; and it is

Further ordered, adjudged, and decreed that the original judgment of this court in this case, insofar as it relates to the leather-bound books, be and the

same hereby is vacated and set aside, and the following judgment substituted therefor:

It is ordered, adjudged, and decreed that the decision of the court below, insofar as it relates to the leather-bound books, be and the same is hereby reversed and the case is remanded to said court for the purpose of permitting the parties to introduce evidence to establish the cost of production of such books, if such evidence is available.

CHAS. P. McCLELLAND,
GEO. STEWART BROWN,
*United States Customs Court, First Division.*

Dated at New York, N. Y., this the 25th day of August 1937.

A memorandum was filed by the court to accompany said judgment, which memorandum reads as follows:

MEMORANDUM TO ACCOMPANY JUDGMENT ISSUED IN CONFORMITY WITH MANDATE OF THE UNITED STATES COURT OF CUSTOMS AND PATENT APPEALS

\* \* \* \* \* \* \*

McCLELLAND, Presiding Judge: There are two classes of merchandise covered by these suits, viz; cloth-bound prayer books and leather-bound prayer books. As to the former the proper value was determined by the single Judge sitting in reappraisement to be the appraised value, and his decision was affirmed on appeal by this division of the Court, and on further appeal by the Court of Customs and Patent Appeals, so that so far as such books are involved, the issue has been finally determined.

The appraiser returned the leather-bound prayer books as entireties at the United States value thereof. Paragraph 1410 of the Tariff Act of 1930, however, in effect requires that leather-bound books be appraised as two entities, the covers and the printed pages separately, and such was the holding of the Court of Customs and Patent Appeals in *United States* v. *John Wanamaker*, 20 C. C. P. A. 381, T. D. 46185.

When the case came before Judge Dallinger as single Judge he at first held the appraisement as to the leather-bound books null and void because the appraiser had not appraised the covers and the pages separately, but later, by agreement of the parties, a rehearing was granted and Judge Dallinger then found that cost of production was the proper basis of value of such books, and also that the cost of production had been sufficiently established by the plaintiff by means of an affidavit marked Exhibit 22.

On appeal to this division taken by both parties, Judge Dallinger's decision was affirmed. On appeal to the Court of Customs and Patent Appeals that Court in T. D. 48911 found that Exhibit 22 was not sufficient evidence upon which to base a finding of cost of production, and therefore reversed this court's decision with respect to the leather-bound prayer books.

Counsel for the Government have submitted a proposed judgment to be issued by this division affirming the appraised value as to the leather-bound prayer books. The appraisement, however, has been shown to be clearly erroneous because the appraiser returned the books as entireties. It is our view, therefore, that, so far as it relates to the leather-bound books, the case should be remanded to the trial court for the purpose of permitting the parties to introduce evidence to establish the cost of production, if such evidence is available, and judgment to that effect will issue accordingly.

C. P. M., *P. J.*

Concurring:
G. S. B., *J.*

On August 31, 1937, the Government filed in the Customs Court a motion to vacate and set aside said judgment, and for a rehearing of the matter, and for the entry of a judgment affirming the appraised values of both the cloth-bound and leather-bound books, or the entry of judgment dismissing the importer's appeal to reappraisement.

On September 18, 1937, the Customs Court made the following order:

ORDER

UNITED STATES CUSTOMS COURT, FIRST DIVISION

\*　　\*　　\*　　\*　·　\*　　\*　　\*

Upon reading and filing the papers in support of the motion by the Government to vacate the judgment of this Court dated August 25, 1937, in the within cause, and the brief filed by Sharretts & Hillis in opposition thereto, it is

Ordered, that the said motion to vacate the said judgment be, and the same is, hereby denied; it is further

Ordered, that the judgment of this Court dated August 25, 1937, shall stand as made.

Chas. P. McClelland, <em>Judge.</em><br>Geo. Stewart Brown, <em>Judge.</em>

New York, N. Y., <em>Sept. 18, 1937.</em>

On October 21, 1937, the Government appealed to this court from said judgment remanding the case to the single judge for a new trial, assigning as error that the judgment so entered was in violation of the mandate of this court, and also assigning error in denying the Government's motion to vacate said judgment.

On November 24, 1937, appellant filed in this court the following motion:

MOTION

Upon the record in customs appeal No. 4001, <em>United States</em> v. <em>Malhame & Co.</em>, and cross appeal No. 4005, <em>Malhame & Co.</em> v. <em>United States</em>, and the opinion of this court therein, published in 24 C. C. P. A. 448, T. D. 48911, dated January 25, 1937, and the mandate of this court in respect thereto, dated March 31, 1937, and the memorandum for the appellant herein, in support of the motion herewith filed, showing that the lower court·did not comply with the mandate of this court respecting leather-bound prayer books.

MOTION is hereby made that this court vacate the judgment and directions of the First Division, United States Customs Court, dated August 25, 1937 (Abstract 36808), and indicate to the lower court, by appropriate action, that it should comply with the aforesaid mandate respecting leather-bound prayer books, or in the alternative, that this court clarify the said mandate with proper directions, and for such other and further relief as to the court may seem necessary in the premises and as indicated in the proposed order hereto attached.

Dated, New York, N. Y., November —, 1937.

Respectfully submitted.

Joseph R. Jackson,<br><em>Assistant Attorney General.</em>

On December 23 1937, this motion was denied by us, with the privilege of renewal upon the hearing of this appeal.

At the hearing of this appeal said motion to vacate was renewed by the Government. At said hearing, appellee's counsel expressly waived any question with respect to whether the judgment of remand entered by the First Division was appealable to this court. In view of this fact, together with the fact that, if the Government is not entitled to raise the issue before us on its appeal from said judgment, it is entitled to raise the same issue upon its motion to vacate said judgment, we have concluded to dispose of the question in the Government's appeal, and its motion to vacate said judgment is denied.

As will appear from the foregoing, the only issue here raised is as to the construction of our judgment upon which our mandate to the appellate division was issued.

The Government takes the position that our mandate should be construed as a direction to the appellate division to remand the cause to the trial judge with instructions to dismiss the appeal to reappraisement, insofar as the same related to leather-bound prayer books; that if it had been our intention to direct that a new trial be granted, we would have said so, as we did in the case of *United States* v. *Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 398; T. D. 43120, *Johnson & Co.* v. *United States*, 17 C. C. P. A. (Customs) 107, T. D. 43432, and other cases where we were of the opinion that a new trial should be granted.

The Government cites our decision in the case of *United States* v. *Henry Maier*, 21 C. C. P. A. (Customs) 41, T. D. 46378, in support of its contention. In that case there had been a previous appeal to this court, *United States* v. *Henry Maier*, 18 C. C. P. A. (Customs) 409, T. D. 44679, in which case we reversed the judgment appealed from and remanded the cause for a *rehearing*. When the case again came before the appellate division, under our mandate, the Government moved that the cause be remanded by the division to the single judge for a new trial. This motion was denied, and when the case again came before us, error was assigned in denying this motion of the Government. In our opinion we said:

With respect to remanding the cause to the single judge for a new trial, there was no error in denying the request of the Government. Our order in the previous hearing remanded the case to the Customs Court, sitting as a reviewing court, for a "rehearing on the merits." Had the remand been for the purpose of a new trial we would, in accordance with our practice, have so indicated in our order, as we did in the case of *United States* v. *Tidewater Oil Co.*, 19 C. C. P. A. (Customs) 392, T. D. 45554, and cases there cited.

The reason for our remand for a "rehearing on the merits" was that, in addition to finding error in the decision before us with respect to the conversion of Swiss francs into German reichsmarks, we also found error in the method pursued by the lower court in arriving at the cost of production. We therefore remanded the case for a rehearing upon the merits as they were disclosed by the record before the court.

The Government is correct in its contention that, wherever we intended that a new trial should be had in a reappraisement proceeding, or that the appeal to reappraisement should be dismissed, or that a rehearing should be had by the appellate tribunals upon the record, we have so indicated in our opinion, and either directly or indirectly in the judgment entered pursuant thereto.

However, in the case at bar no opinion was expressed by us as to whether a new trial should be had or whether the appeal to reappraisement should be dismissed. We reversed the judgment of the appellate division in part, and remanded the cause to it for further proceedings consistent with the views expressed in our opinion. The appellate division was therefore free to take any action within its statutory authority, not inconsistent with the views expressed by us in our decision in the case. That court could, in its discretion, have remanded the case to the single judge with directions to dismiss the appeal to reappraisement, or it could have remanded it for a new trial. Either course would have been within its discretion, for neither would have been inconsistent with our decision, upon which the mandate in question was issued.

The involved merchandise was imported under the Tariff Act of 1930. Section 501 of that act provides, with respect to applications for review of a decision of a single judge, that—

* * * Every such application shall be assigned by the court to a division of three judges, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the single judge, and, after hearing argument on the part of any of the interested parties requesting to be heard, shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. * * *

It is plain to us that the appellate division had authority to remand the cause for a new trial, if such action was not inconsistent with our decision upon which the mandate was issued.

A similar course was taken by the Second Division of the Customs Court in the case of *United States* v. *F. W. Woolworth Co. et al.*, Reap. Dec. 3532, 67 Treas. Dec. 1353. That case involved a mandate from this court in the case of *United States* v. *F. W. Woolworth Co. et. al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126, wherein we reversed the Customs Court and remanded the cause, using the following language:

The judgment of the United States Customs Court, Appellate Division, is *reversed* and the cause is *remanded* for further proceedings not inconsistent with the views hereinbefore expressed.

Upon the issuance of our mandate pursuant to said decision, the cause was remanded by the Second Division to the single judge, with instructions for a new trial. Such new trial was had and a decision

was had upon the merits. It was reviewed by the Second Division and the decision of the trial judge was affirmed. Judgment was entered accordingly. From such judgment the Government has appealed to this court and the cause has been argued, Customs Appeal 4113. In that case no issue was presented as to the right of the appellate division to order a new trial, under a mandate from this court almost identical with the mandate in the instant case.

In our opinion in the original *Woolworth* case, *supra*, we said:

> The statute provides that the division of three judges "shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceedings." The authority thus given is very broad. Certainly the appellate division passes upon questions of both law and fact. We think that it may appraise, that is, find the dutiable value, and that it is its duty so to do in all cases where the appraiser had the power to appraise the merchandise at the time the appraisement was made. If it regards the value found by the single judge as both legally and factually correct, it should affirm such value. If not regarded as correct, it should find what is the value, or, if the record be insufficient, in its opinion, to enable such finding, the case should be remanded to the single judge with directions to dismiss the appeal to reappraisement or for a new trial, *as the division may determine.* * * * [Italics supplied.]

The Government cites the case of *United States* v. *Cottman & Co.,*. 23 C. C. P. A. (Customs) 378, T. D. 48292, in support of its position. Our mandate involved in that case was similar to the mandate here in question. A minority of the court held that, because of an expression in the opinion in the case in which the mandate was issued, *Cottman & Co.* v. *United States,* 20 C. C. P. A. (Customs) 344, T. D. 46114, that upon the record made the appeals might well have been dismissed by the trial judge, such expression should be held to be a part of our judgment and mandate issued thereon. A majority of the court, however, as shown by the concurring and dissenting opinions, did not concur in this view. However, in the case at bar, nothing in our opinion in the original case indicates any view of the court as to whether a new trial should be had or the appeal to reappraisement should be dismissed.

The view that it was discretionary with the appellate division to order a new trial is supported in principle by the case of *Ex parte Medway,* 23 Wall. 504. That case arose under a rule to show cause, issued by the Supreme Court, why a writ of mandamus should not be issued requiring the Court of Claims to vacate their order for a trial *de novo* in a certain case, upon the ground that such order was in violation of a mandate of the Supreme Court to the Court of Claims. In the original case the Supreme Court had remanded the case to the Court of Claims for further proceedings "in conformity with law and justice." The court in its opinion in said mandamus proceeding said:

> Our mandate required the Court of Claims to proceed in the cause remanded in conformity to law and justice. We did not undertake to direct what law and

justice did require, any further than to say that upon the finding of facts appearing in the record sent to us upon the appeal, the judgment was erroneous. In everything else the Court of Claims was left free to proceed with the cause in its own way and according to its own judicial discretion. That discretion we cannot control in this form of proceeding.

Our conclusion is that, in a general remand from this court to the Customs Court in a reappraisement proceeding, without further directions than that further proceedings in that court shall be consistent with the views expressed in our decision upon which the mandate is issued, it is within the discretion of the appellate division, where the record is deemed by it insufficient to warrant a finding of value of the merchandise, to direct that a new trial be had, or it may direct that the appeal to reappraisement be dismissed, if either course be not inconsistent with the views expressed in our decision. Of course, there might be cases where to direct that a new trial be had would be an abuse of discretion, but no such claim is made in the case at bar.

For the reasons hereinbefore stated, the judgment appealed from is *affirmed*.