Gloria C. BACA, Petitioner,

v.

MARRIOTT HOTELS, INC., and the Industrial Commission of the State of Colorado, Respondents.

No. 86CA0471.

Colorado Court of Appeals, Div. I.

Dec. 31, 1986.

Leroy R. Moya, Lakewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

No appearance for respondent Marriott Hotels, Inc.

ENOCH, Chief Judge.

Gloria C. Baca, claimant, seeks review of a final order of the Industrial Commission denying her unemployment benefits pursuant to § 8–73–108(5)(e)(XII), C.R.S. (1986 Repl. Vol. 3B). We affirm.

Claimant, a lobby attendant for Marriott Hotels, Inc. (employer), was terminated pursuant to a company policy allowing termination if an employee strikes a co-employee. The Industrial Commission found that claimant admitted she struck the co-worker, that this action was grounds for summary dismissal pursuant to employer's policies, and that claimant's volitional act caused her separation. The Commission therefore reduced claimant's benefits by the maximum amount permitted by law.

On review, claimant contends that the Commission's findings were not supported by substantial evidence. Relying on *Escamilla v. Industrial Commission,* 670 P.2d 815 (Colo.App.1983), claimant argues that the evidence in the record does not establish that she actively engaged in an assault on her co-employee, but instead establishes that she acted in response to her co-employee's provocation and therefore was not at fault for her discharge. We disagree.

*Escamilla v. Industrial Commission, supra,* is distinguishable from the situation here. In that case, the claimant was found not to be at fault for his termination and was awarded benefits based on the evidence that the claimant did not actively engage in an altercation, but acted only to defend himself against an unprovoked assault by his co-employee. Here, although claimant testified that her co-employee had verbally provoked her, and that she barely hit her co-employee, employer's representative testified that a heated argument had occurred before the altercation, that claimant was the aggressor in the assault, that the seated co-employee had to raise her arm to defend herself, and that claimant's blow left a sizeable bruise on the co-employee's arm.

Furthermore, the evidence established that employer's company policy required summary dismissal of an employee for fighting or hitting another employee or for other inappropriate conduct and that, contrary to claimant's testimony, employer rigidly adhered to this policy. Although claimant testified she was unaware of this policy, employer introduced copies of both an employer's handbook and an employment agreement which contained this and other policies. Both had been signed by claimant indicating her knowledge of this policy.

■ Since there is substantial evidence to support the findings of the Commission concerning the assault and claimant's fault, we will not disturb them on review. *See In re Claim of Krantz v. Kelran Constructors, Inc.,* 669 P.2d 1049 (Colo.App.1983).

Claimant further contends that her disqualification from receiving benefits should

be set aside because there was no finding that her co-employee was a reasonably emotionally stable person concerned about her physical safety, as was required by § 8–73–108(5)(e)(XII), C.R.S. (1986 Repl. Vol. 3B). We disagree.

Pursuant to § 8–73–108(5)(e)(XII), an individual may be disqualified from receiving benefits for "[a]ssaulting or threatening to assault under circumstances such as to cause a reasonably emotionally stable person to become concerned as to his physical safety." Implicit in plaintiff's contention is the issue whether the phrase "under circumstances such as to cause a reasonably emotionally stable person to become concerned as to his physical safety" modifies only the phrase "threatening to assault" or whether it also modifies the word "assaulting."

Before answering claimant's contention we must first clarify the meaning of the word "assault" as used here.

■ The wording of § 8–73–108(5)(e)(XII) would indicate that the general assembly intended to create a distinction between "assaulting" and "threatening to assault." However, there is no legal distinction between these two acts. See CJI–Civ.2d 20:1 (1980). To give meaning to this statutory provision, the general assembly must have meant, and we so hold, that the word "assaulting," as used here, was intended to mean an actual harmful or offensive contact similar to the common law tort of battery, see CJI–Civ.2d 20:5 (1980), and the phrase "threatening to assault" was intended to mean the apprehension of harmful or offensive contact, similar to the common law tort of assault. See CJI–Civ.2d 20:1 (1980). To hold otherwise would make the phrase "threatening to assault" redundant. See § 2–4–201, C.R.S. (1980 Repl. Vol. 1B)

■ In resolving claimant's contention, we must follow the rule that a statute is to be construed as a whole to give consistent, harmonious, and sensible effect to all its parts. *See Colorado Department of Social Services v. Board of County Commissioners*, 697 P.2d 1 (Colo.1985). Section 2–4–201, C.R.S. (1980 Repl.Vol. 1B).

■ In applying this rule of construction it becomes apparent that the phrase "under circumstances such as to cause a reasonably emotionally stable person to become concerned as to his physical safety" could modify only "threatening to assault" as we have defined it above. To apply this modifying phrase to the word "assaulting," which we have defined to mean a battery, would not be consistent with the offense of battery. It is the mental state of the actor, not the victim, which is determinative of whether a battery has been committed. CJI–Civ.2d 20:5 (1980). *See Whitley v. Andersen*, 37 Colo.App. 486, 551 P.2d 1083 (1976). Thus, we hold that this modifying phrase modifies only "threatening to assault."

■ Here, because claimant actually struck her co-employee, she was disqualified from receiving benefits for "assaulting" her co-employee. Therefore, the second disqualifying provision of § 8–73–108(5)(e)(XII) was inapplicable, and no finding concerning the mental state of the co-employee was necessary.

Order affirmed.

VAN CISE and BABCOCK, JJ., concur.