**Linda S. MUSGRAVE, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Eben Ezer Lutheran Institute, Respondents.**

**No. 87CA0346.**

Colorado Court of Appeals, Div. VI.

March 24, 1988.

As Modified on Denial of Rehearing May 19, 1988.

Certiorari Denied Oct. 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondent The Industrial Claim Appeals Office.

Brandenberg and Schultz, Helena Schultz, Brush, for respondent Eben Ezer Lutheran Institute.

Ann M. la Plante, Greeley, for petitioner.

BINDER,* Judge.

Claimant, Linda S. Musgrave, seeks review of the denial of her claim for unemployment benefits by the Industrial Claim Appeals Office (Panel) following a remand from this court. We affirm.

After claimant terminated her employment with Eben Ezer Lutheran Institute (employer) in March 1985, she applied for unemployment compensation benefits but was disqualified pursuant to § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B). She sought review in this court, and in *Musgrave v. Eben Ezer Institute*, 731 P.2d 142 (Colo.App.1986) (*Musgrave I*), we held that the Industrial Commission (now Panel) had made insufficient findings to support its order of denial. We set aside that order and remanded the matter for further findings consistent with our opinion.

After remand, the Panel reviewed the record once more and again entered an order denying benefits to claimant. This petition for review followed.

The Panel found that claimant had experienced a change in working conditions in December 1984, when employer reduced her salary and changed her position from department head to co-department head. It further found and concluded that claimant acquiesced in the changed conditions when she continued to work after the changes were effected.

The Panel then determined that claimant terminated her employment because of dissatisfaction with a letter she had been given on February 18, 1985, expressing employer's concerns with her work performance. It concluded that delivery of that letter constituted reasonable supervision, notwithstanding the fact that employer's agent had not been available on one occasion when claimant wanted to discuss the letter's contents.

Based upon these findings, the Panel ruled that claimant was disqualified from the receipt of benefits under § 8–73–108(5)(e)(II), C.R.S. (1986 Repl.Vol. 3B) in that she had resigned because of dissatisfaction with reasonable supervision.

Claimant contends that the Panel went beyond this court's mandate by considering issues in addition to those mentioned in the decision in *Musgrave I.* She asserts further that she was denied due process because she was not afforded an opportunity to present her position on such additional issues. Finally, claimant argues that there was insufficient evidence to support the Panel's findings.

We do not agree that the order of remand limited the Panel to making findings solely on the issue of claimant's acquiescence to changed working conditions. In *Musgrave I,* we ruled that claimant had suffered a substantial change in her working conditions in December 1984. Thus, it was error to deny her benefits under § 8–73–108(5)(e)(I) absent a finding that claimant had acquiesced in the changed conditions. We remanded for further findings consistent with our opinion.

When an appellate court remands a case with specific directions to enter a particular

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

judgment or to pursue a prescribed course, a trial court has no discretion except to comply with such directions. *Galbreath v. Wallrich,* 48 Colo. 127, 109 P. 417 (1910). However, when a case is remanded for further proceedings consistent with the appellate court's opinion, it is a general remand. A general remand authorizes the trial court to make new findings and conclusions so long as there is no conflict with the ruling of the appellate court. *See In re Medway,* 23 Wall. 504, 90 U.S. 160, 23 L.Ed. 160 (1875). *Cf. In re Estate of Painter,* 671 P.2d 1331 (Colo.App.1983).

■ The order in *Musgrave I* was a general remand and authorized the Panel to reexamine the record and to make new findings and conclusions. We find no error in the procedure employed by the Panel in this regard.

■ Claimant next asserts that she should have been given an opportunity to present additional evidence and argument before the Panel considered the issue of reasonable supervision following remand. We do not agree.

The record discloses that claimant argued the issue of the reasonableness of employer's supervision on a number of occasions. Indeed, resolution of that issue was the determining factor in the initial order awarding claimant full benefits. In that order, dated October 17, 1985, the deputy ruled that claimant was entitled to benefits on the ground that she had resigned because of dissatisfaction with actions of her supervisor which were "unreasonable and need not be tolerated."

When this order was set aside following a *de novo* hearing before a referee, claimant included the unreasonable supervision issue in her appeal to the Industrial Commission. She raised this point again when she requested the Industrial Commission to reconsider its affirmance of the referee's order. Additionally, claimant's notice of appeal to this court in *Musgrave I* cited employer's unreasonable supervision as one of the reasons why the Industrial Commission's decision should be overturned.

Our review of the record leads us to conclude that claimant had ample opportunity to advance her claim that she resigned her position because of unreasonable supervision by employer. There was no denial of due process.

■ Contrary to claimant's contention, there was ample evidence to support the finding that claimant acquiesced in her changed working conditions. She continued to work after she was, in effect, demoted. Although she contacted the Labor Board with respect to her salary reduction, she made no further protest.

We do not find it significant under the circumstances that claimant worked less than two months after her position and salary were changed. Acquiescence is a matter of intent and does not necessarily depend upon the lapse of time. Claimant testified at the *de novo* hearing that she would not have quit her job had it not been for the written reprimand. The Panel did not err in finding that the record established claimant's acquiescence to her changed working conditions.

The reasonableness of employer's supervision as it affects claimant's eligibility for benefits is a separate issue. Claimant's contention that she was subject to unreasonable supervision is based solely upon the letter which she was given on February 18, 1985. She complains that she was refused a copy of the letter, that her immediate supervisor was unavailable to discuss the contents, and that she was given insufficient information and inadequate time to correct the alleged deficiencies.

■ We agree that it would have been a better practice to have given claimant her own copy of the letter of reprimand, particularly since it requested correction of specified matters. However, that fact, in and of itself, would not justify claimant's resignation. There was evidence that she had the letter in her possession in her own office at least overnight, so she could have copied all or any part of it had she desired.

The evidence showed that claimant made only one attempt to discuss the matter with employer's administrator. The administra-

tor did not have time to discuss fully claimant's concerns at that point, and claimant did not follow through on his invitation to return at a later date. Instead, claimant consulted with a lawyer within a few days, took an unscheduled vacation, and quit her job by a telephone call to a fellow employee on the day before she was scheduled to return to work.

With reference to claimant's assertion that she was not given sufficient time to correct numerous alleged deficiencies, the evidence discloses that the letter of February 18, 1985, demanded only improvement in claimant's performance, not total correction of all the problem areas within thirty days as claimant implies.

There was sufficient evidence to support the Panel's findings and conclusion that claimant terminated her employment because of dissatisfaction with reasonable supervision. Accordingly, those findings are binding on review. *See Baca v. Marriott Hotels, Inc.*, 732 P.2d 1252 (Colo.App.1986).

Order affirmed.

SILVERSTEIN and WILSON, JJ.,[*] concur.