Linda J. **CRADDOCK**, Petitioner–Appellant,

v.

**COLORADO STATE BOARD OF ASSESSMENT APPEALS and the Eagle County Board of Equalization, Respondents–Appellees.**

**No. 90CA1010.**

Colorado Court of Appeals, Div. I.

Sept. 12, 1991.

James G. Felt, P.C., Charles T. Houghton, Colorado Springs, for petitioner-appellant.

Gale Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for respondent-appellee Colo. State Bd. of Assessment Appeals.

Eagle County Attys. Office, Kevin Lindahl, County Atty., Mara M. Kleinschmidt, Asst. County Atty., Eagle, for respondent-appellee Eagle County Bd. of Equalization.

Opinion by Judge RULAND.

Plaintiff, Linda J. Craddock, appeals from the order of the Board of Assessment Appeal (BAA) determining the 1989 property tax valuation of her residential property located in Eagle County, Colorado. We reverse and remand for a new hearing.

In 1988, Craddock's residence was valued at $1,351,731 for taxation purposes. In 1989, the valuation was increased by the county assessor to $3,141,210. As a result of this increase, Craddock petitioned the Eagle County Board of Equalization to review the valuation for her residence. The county board reduced the valuation to $2,668,330.

Craddock then appealed that valuation to the BAA. On appeal, the county assessor submitted a valuation of $2,250,000 for the residence based upon an appraisal done on April 3, 1990. Craddock submitted an appraisal reflecting a valuation of $1,575,000. The assessor then mailed a revised appraisal six days before the BAA hearing which valued the residence at $2,346,160.

The BAA issued a written order accepting the revised appraisal submitted by the assessor as the value of the property for tax purposes.

## I

Craddock contends that she was denied due process of law because the BAA did not follow its own Rule 11 and § 24-4-105(14), C.R.S. (1988 Repl.Vol. 10A) in admitting the revised appraisal into evidence and because neither she nor her attorney had a reasonable opportunity to evaluate the revised appraisal prior to the BAA hearing. Thus, she was prevented from effectively challenging the accuracy of that document. We agree in part.

■ Due process in administrative proceedings requires, among other things, adequate notice of opposing claims and a reasonable opportunity to meet those claims. *See Davis v. State Board of Psychologist Examiners*, 791 P.2d 1198 (Colo.App.1989).

■ Following the hearing at issue here, this court announced its opinion in *Transamerican Realty Corp. v. Clifton*, 817 P.2d 1049 (Colo.App.1991). In construing § 39-1-103(5)(a), C.R.S. (1990 Cum.Supp.), the *Clifton* court held that the assessor must document the elements of a market or cost approach to appraisal, including the comparable sales relied upon to establish value. Absent that documentation, the court concluded that the assessor's opinion of value could not constitute sufficient evidence upon which the BAA could rely to value commercial property. Hence, given the significance of the documentation requirement, it is apparent that a reasonable opportunity for the taxpayer to review the information relied upon is necessary to meet due process requirements. *See Shaw v. Valdez*, 819 F.2d 965 (10th Cir.1987).

Board of Assessment Appeals Rule 11, 8 Code Colo.Reg. 1301-1, provides that the parties shall exchange all documentation, including exhibits and lists of witnesses, at least ten days prior to the hearing, and that all reply documentation must be exchanged at least three days prior to the hearing. The Rule further provides that no information submitted less than ten days prior to the hearing will be accepted unless the Board determines that consideration of this information is appropriate. Thus, the Board has discretion to accept or reject reply evidence exchanged by the parties.

Section 24-4-105(14) provides, among other things, that an agency shall not receive or consider any *ex parte* material or representation of any kind offered without notice. However, because the revised appraisal was offered at a hearing in the presence of Craddock who was represented by counsel, we conclude that this section does not apply here. *See Carrara Place, Ltd. v. Arapahoe County Board of Equalization*, 761 P.2d 197 (Colo.1988) (because of the specific hearing and appellate provisions set out in the property tax statutes, § 24-4-105(14) does not apply to tax appeals).

■ If, as here, the "reply" evidence represents a significant change in position by one of the parties, the Board's discretion is subject to due process requirements which must afford the opposing party an adequate opportunity to evaluate and to respond to the information.

■ Here, even assuming that Craddock should have received the revised appraisal in the mail three days before the hearing, we conclude that it was an abuse of discretion for the Board to admit the revised appraisal in evidence. This is because it represented a significant change in the assessor's position as to value, and it relied upon three comparable sales which were not referred to in any of the other appraisals. It is further apparent that these three comparables, in part, formed the basis for the Board's order.

Therefore, we conclude that due process requires that Craddock be given a reasonable time to evaluate and challenge the comparables. Thus, the matter must be remanded for further hearing.

## II

Among the issues which may arise on remand is Craddock's contention that she was denied due process because the BAA

admitted hearsay evidence contrary to the Colorado Rules of Evidence, Board of Assessment Appeals Rule 14, 8 Code Colo. Reg. 1301–1, and § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A). We find no merit to this contention.

The applicable test as to whether certain evidence is admissible at an administrative hearing is whether it possesses probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. *Colorado Department of Revenue v. Kirke,* 743 P.2d 16 (Colo.1987); § 24–4–105(7). Using hearsay in an administrative proceeding does not violate due process as long as it is sufficiently reliable and trustworthy and as long as the evidence possesses probative value as measured by the applicable test. *See Industrial Claims Appeals Office v. Flower Stop Marketing Corp.,* 782 P.2d 13 (Colo.1989).

Craddock argues that the revised appraisal is partially based upon unreliable and untrustworthy hearsay evidence. Specifically, Craddock asserts that information obtained by an assistant to the assessor from a neighbor to one of the properties used as a sales comparable was unreliable. However, given our determination that Craddock be afforded an adequate opportunity to evaluate and challenge the revised appraisal, we conclude that the reference to this information in the report will not render the document inadmissible. *See Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.,* 797 P.2d 27 (Colo.1990); *Industrial Claims Appeals Office v. Flower Stop Marketing Corp., supra.*

### III

Craddock also contends that the assessor failed to conduct a separate appraisal on her residence prior to the determination of actual value by the assessor. We find no merit to this contention.

Even if Craddock is correct in asserting that a separate appraisal is required by the statutes and that such was not initially done here, the record demonstrates that in the course of these proceedings Craddock's residence was individually appraised.

Hence, the error, if any, was harmless. *See* C.A.R. 35(e).

We have considered and find no merit to Craddock's other contentions of error.

The order is reversed, and the cause is remanded for a new hearing.

PIERCE and DUBOFSKY, JJ., concur.