24CA0427 Board of Nursing v Long-Romero 11-14-2024 
 
COLORADO COURT OF APPEALS 
 
 
Court of Appeals No. 24CA0427 
Colorado State Board of Nursing Nos. 2019-0043 & 2019-5983 
 
 
State Board of Nursing, 
 
Petitioner-Appellee, 
 
v. 
 
Shari L. Long-Romero, R.N., C.N.M., R.X.N., 
 
Respondent-Appellant. 

 
 
ORDER AFFIRMED 
 
Division III 
Opinion by JUDGE DUNN 
Navarro and Gomez, JJ., concur 
 
NOT PUBLISHED PURSUANT TO C.A.R. 35(e) 
Announced November 14, 2024 
 
 
Philip J. Weiser, Attorney General, Amy Meiburg, Senior Assistant Attorney 
General, Ashley Barrett Carter, Senior Assistant Attorney General, Denver, 
Colorado, for Petitioner-Appellee 
 
Hershey Decker Drake, Carmen N. Decker, Kaylyn Peister, Lone Tree, Colorado, 

for Respondent-Appellant 

 

 
1 
Â¶ 1 In this second appeal involving her advanced practice nursing 

registration, Shari L. Long-Romero (Romero) appeals the State 
Board of Nursingâs order disciplining her for violations of the Nurse 
and Nurse Aide Practice Act (Act). Romero specifically argues that 
the Board violated the remand order and mandate from her first 
appeal. Because we disagree, we affirm the order. 

I. Background 

A. The Charges and the Boardâs Original Order 

Â¶ 2 Romero is registered as a certified nurse midwife on the 

advanced practice nurse registry. Within a roughly thirteen-month 
span, two of Romeroâs patientsâ babies had no detectable fetal heart 

rate upon delivery. Despite attempts to resuscitate them, the 
babies died.

1

 
Â¶ 3 Complaints about the patientsâ care led to formal charges 

against Romero. The charges alleged that Romero violated the Act 
by (1) acting in a manner inconsistent with patient health and 
safety under section 12-255-120(1)(c), C.R.S. 2024; (2) failing to 
 

1

 We focus on the facts and procedural history relevant to this 
appeal. For details on the facts leading to the disciplinary charges, 
see Colo. State Bd. of Nursing v. Long-Romero, (Colo. App. No. 

20CA1995, June 9, 2022) (not published pursuant to C.A.R. 35(e)). 

 
2 
meet generally accepted standards of care under section 12-255-

120(1)(f); and (3) failing to make correct or essential patient record 
entries under section 12-255-120(1)(h). After an evidentiary 
hearing, an administrative law judge issued an initial decision 
finding that Romero violated the Act as charged. The initial order 
imposed sanctions for the violations, which included restrictions on 
Romeroâs advanced nursing registration and prescriptive authority. 

On review, the Board entered a final order, adopting the initial 
decision.

2

 

B. The First Appeal 

Â¶ 4 Romero appealed, challenging both the Boardâs findings that 

she violated the Act and the sanctions imposed. A division of this 
court reversed the portions of the Boardâs order finding that Romero 
failed to (1) make an essential entry regarding one patient and 
(2) consult with a physician regarding the other patient. See Colo. 

 

2

 For disciplinary proceedings, the Board is divided into two panels. 

See Â§ 12-255-119(1)(a), C.R.S. 2024; see also Colo. State Bd. of Med. 

Examârs v. Ogin, 56 P.3d 1233, 1240 (Colo. App. 2002). The two 

panels can each function as an inquiry panel (which investigates 
and prosecutes complaints) or a hearing panel (which reviews the 
initial decision and issues a final order). See Ogin, 56 P.3d at 1240. 
Where helpful, we will refer to the inquiry or hearing panel, but 
otherwise we refer simply to the Board. 

 
3 
State Bd. of Nursing v. Long-Romero, slip op. at Â¶ 108 (Colo. App. 

No. 20CA1995, June 9, 2022) (not published pursuant to C.A.R. 
35(e)) (Romero I). The division otherwise affirmed the order finding 
that Romero violated the Act. Id. Because it set aside portions of 
the Boardâs order, the division didnât address Romeroâs challenge 

that the imposed discipline was beyond the Boardâs discretion; 

rather, it remanded âth[e] matter for further proceedings consistent 
with this opinion.â Id. 

C. The Remand Proceedings 

Â¶ 5 Back before the hearing panel, the parties filed position 

statements that disagreed about the scope of the remand 
proceedings. Romero maintained that the matter must be returned 
to the administrative law judge âfor additional proceedingsâ and a 

ânew [i]nitial [d]ecision.â Romero alternatively outlined the 

discipline she would accept. By contrast, the inquiry panel argued 
that Romero I didnât order the Board to conduct a new hearing. 

Thus, the inquiry panel urged the hearing panel to issue a final 
order striking the now reversed violations and imposing âa sanction 

that protects the public.â As to the sanction, the inquiry panel 

 
4 
argued that the originally imposed restrictions remained 
appropriate to protect the public. 

Â¶ 6 After receiving the partiesâ positions, the Board issued a final 

order on remand. In it, the Board (1) denied Romeroâs request for a 

new hearing; (2) struck the two reversed Act violations; and (3) 
concluded that, for the violations that Romero I affirmed, the 
discipline originally imposed continued to be warranted and 
necessary to protect the public. 
II. Analysis 

Â¶ 7 Romero faults the Board for issuing the remand order and 

imposing sanctions for the remaining violations without a new 
hearing. She says this violated the Romero I remand order and 
mandate. 

Â¶ 8 When an appellate court remands a case with specific 

directions to enter a particular judgment or to pursue a prescribed 
course, an agency has no discretion except to comply with the 

 
5 
instructions.

3

 See Musgrave v. Indus. Claim Appeals Off., 762 P.2d 

686, 687-88 (Colo. App. 1988); see also Pittsburg Cnty. Rural Water 

Dist. No. 7 v. City of McAlester, 358 F.3d 694, 711 (10th Cir. 2004) 

(â[W]hen the further proceedings are specified in the mandate the 
district court is limited to holding[s] such as are directed.â (quoting 
Mason v. Texaco, Inc., 948 F.2d 1546, 1552 (10th Cir. 1991))). But 

when a case is remanded for further proceedings consistent with 
the appellate courtâs opinion, thatâs a general remand. Musgrave, 

762 P.2d at 688; see also People in Interest of M.D., 2014 COA 121, 
Â¶ 19 (observing that when a court remanded the case for further 
proceedings consistent with the courtâs opinion, âit was a general 
remand, and the court was not required to pursue a prescribed 
courseâ). With a general remand, an agency retains discretion to 

make new findings and conclusions so long as thereâs no conflict 
with the appellate court ruling. Musgrave, 762 P.2d at 688; see 

also Owners Ins. Co. v. Dakota Station II Condo. Assân, 2021 COA 

 

3

 Neither party suggests that an agency â such as the Board â is 
not required to follow the law of the case established by appellate 
courts. See, e.g., Copart, Inc. v. Admin. Rev. Bd., 495 F.3d 1197, 
1201 (10th Cir. 2007) (noting that the law of the case doctrine 
applies to administrative agencies on remand). 

 
6 
114, Â¶ 34 (discussing discretion of lower court after âan appellate 
court issues a general remand for further proceedingsâ). 
Â¶ 9 We review de novo whether an agency complied with an 

appellate ruling. See Owners, Â¶ 21. 
Â¶ 10 Romero argues that the Board violated the divisionâs remand 

order and mandate because Romero I ordered the Board âto hold 

further proceedings,â which, as we understand her argument, 

meant the Board was required to remand the matter to the 
administrative law judge for a new hearing. 
Â¶ 11 But thatâs not what Romero I said. Nothing in Romero I 

directed the Board âto holdâ any hearing, let alone remand the 
matter to the administrative law judge for another hearing. Rather, 
Romero I simply remanded âthis matter for further proceedings 

consistentâ with the opinion. Romero I, No. 20CA1995, slip op. at 

Â¶ 108. Because the remand order didnât require any particular 
proceeding, it was a general remand. See Musgrave, 762 P.2d at 
687-88. The Board therefore retained discretion to determine 
whether a hearing was necessary. See id. Having considered the 
partiesâ respective positions on remand, the Board concluded that 

âa new hearing is unnecessary because there are no outstanding 

 
7 
factual disputes,â âno additional evidence is needed,â and â[t]he only 

determination to be made on remand is what sanction to impose for 
the violationsâ affirmed by Romero I. That determination was within 

the Boardâs discretion and didnât violate Romero I. 

Â¶ 12 To the extent that Romero contends that âfurther proceedingsâ 

must mean a new hearing, we disagree. As already explained, a 
remand for further proceedings is a common and generic remand 
that doesnât cabin an agencyâs discretion. See Musgrave, 762 P.2d 

at 687-88. By contrast, when a division of this court intends to 
limit an agencyâs (or lower courtâs) discretion and require a new 
hearing, it says so clearly and directly. See In re Marriage of Paige, 

2012 COA 83, Â¶Â¶ 14-15 (holding the trial court âmust hold an 

evidentiary hearing on remandâ); Bush v. Winker, 892 P.2d 328, 333 

(Colo. App. 1994) (ordering remand for âevidentiary hearingâ), affâd, 

907 P.2d 79 (Colo. 1995); Craddock v. Colo. State Bd. of Assessment 

Appeals, 819 P.2d 1100, 1103 (Colo. App. 1991) (remanding for a 

new hearing). Thatâs not what happened here. 
Â¶ 13 Nor are we persuaded by Romeroâs suggestion that a new 

hearing was required to remedy the deprivation of her âdue process 

rights.â To be sure, Romero I concluded that Romero didnât have 

 
8 
sufficient notice of one alleged violation and a second alleged 
violation wasnât referred by the inquiry panel. Romero I, No. 

20CA1995, slip op. at Â¶Â¶ 66-70, 95-96. Based on these 
conclusions, the division set aside the Boardâs findings related to 
those purported violations and reversed the portion of the Boardâs 

order making those findings. Id. at Â¶Â¶ 70, 96, 108. By doing that, 
the division remedied the due process violations. And on remand 
the Board struck those findings from its final remand order and 
concluded that the affirmed violations warranted the sanctions 
originally imposed. Thus, Romero wasnât penalized for the due 
process violations.

4

 

Â¶ 14 Romero next takes issue with the sanctions imposed on 

remand. To the extent she maintains that the Board was required 

to hold a new hearing before imposing sanctions on remand, for the 
reasons already explained, we disagree. But to the extent she 
 

4

 To the extent Romero also suggests that section 24-4-105, C.R.S. 
2024, required the Board to remand the case to the administrative 
law judge to impose sanctions, we disagree. While that statute 
allows the Board to remand the case to the administrative law 
judge, it also allows the Board to âaffirm, set aside, or modify the 

order or any sanction or relief entered therein, in conformity with 
the facts and the law.â Â§ 24-4-105(15)(b). 

 
9 
objects to the actual sanctions imposed, itâs for the Board â not 
this court â to determine the appropriate sanction for violations of 
the Act. See Â§ 12-255-119(4)(c)(III)-(IV), C.R.S. 2024; see also Colo. 

State Bd. of Med. Examârs v. Ogin, 56 P.3d 1233, 1240 (Colo. App. 

2002) (â[A] reviewing court may not substitute its judgment for that 

of the [B]oard as to what constitutes appropriate sanctions.â). And 

the Board found that the violations Romero I affirmed â acting in a 
manner inconsistent with patient health and safety and failing to 
meet generally accepted standards of care â warranted the 
sanctions that were originally imposed. In reaching that 
conclusion, the Board specifically found that the sanctions were 
necessary to protect the public. See Â§ 12-255-119(4)(c)(IV) (âIn 

determining appropriate disciplinary action, the hearings panel 
shall first consider sanctions that are necessary to protect the 
public.â). While Romero disagrees with the imposed sanctions and 

criticizes the Board for not parsing out discipline related to each 
violation, she doesnât argue that the sanctions âbear[] no relation to 
the conduct,â are âmanifestly excessive,â or constitute a âgross 
abuse of discretion.â Colo. Real Est. Commân v. Hanegan, 947 P.2d 

 
10 
933, 936 (Colo. 1997). Because nothing suggests the sanctions are 
outside the Boardâs broad discretion, we must uphold them. See id. 

III. Disposition 

Â¶ 15 The order is affirmed. 

JUDGE NAVARRO and JUDGE GOMEZ concur.