24CA0427 Board of Nursing v Long-Romero 11-14-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0427
Colorado State Board of Nursing Nos. 2019-0043 & 2019-5983

State Board of Nursing,

Petitioner-Appellee,

v.

Shari L. Long-Romero, R.N., C.N.M., R.X.N.,

Respondent-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

Philip J. Weiser, Attorney General, Amy Meiburg, Senior Assistant Attorney General, Ashley Barrett Carter, Senior Assistant Attorney General, Denver, Colorado, for Petitioner-Appellee

Hershey Decker Drake, Carmen N. Decker, Kaylyn Peister, Lone Tree, Colorado, for Respondent-Appellant

¶ 1     In this second appeal involving her advanced practice nursing registration, Shari L. Long-Romero (Romero) appeals the State Board of Nursing's order disciplining her for violations of the Nurse and Nurse Aide Practice Act (Act).  Romero specifically argues that the Board violated the remand order and mandate from her first appeal.  Because we disagree, we affirm the order.

## I.     Background

### A.     The Charges and the Board's Original Order

¶ 2     Romero is registered as a certified nurse midwife on the advanced practice nurse registry.  Within a roughly thirteen-month span, two of Romero's patients' babies had no detectable fetal heart rate upon delivery.  Despite attempts to resuscitate them, the babies died.[1]

¶ 3     Complaints about the patients' care led to formal charges against Romero.  The charges alleged that Romero violated the Act by (1) acting in a manner inconsistent with patient health and safety under section 12-255-120(1)(c), C.R.S. 2024; (2) failing to

_____

[1] We focus on the facts and procedural history relevant to this appeal.  For details on the facts leading to the disciplinary charges, see *Colo. State Bd. of Nursing v. Long-Romero*, (Colo. App. No. 20CA1995, June 9, 2022) (not published pursuant to C.A.R. 35(e)).

meet generally accepted standards of care under section 12-255-120(1)(f); and (3) failing to make correct or essential patient record entries under section 12-255-120(1)(h).  After an evidentiary hearing, an administrative law judge issued an initial decision finding that Romero violated the Act as charged.  The initial order imposed sanctions for the violations, which included restrictions on Romero's advanced nursing registration and prescriptive authority.  On review, the Board entered a final order, adopting the initial decision.[2]

## B.    The First Appeal

¶ 4      Romero appealed, challenging both the Board's findings that she violated the Act and the sanctions imposed.  A division of this court reversed the portions of the Board's order finding that Romero failed to (1) make an essential entry regarding one patient and (2) consult with a physician regarding the other patient.  *See Colo.*

---

[2] For disciplinary proceedings, the Board is divided into two panels. *See* § 12-255-119(1)(a), C.R.S. 2024; *see also Colo. State Bd. of Med. Exam'rs v. Ogin*, 56 P.3d 1233, 1240 (Colo. App. 2002).  The two panels can each function as an inquiry panel (which investigates and prosecutes complaints) or a hearing panel (which reviews the initial decision and issues a final order).  *See Ogin*, 56 P.3d at 1240. Where helpful, we will refer to the inquiry or hearing panel, but otherwise we refer simply to the Board.

*State Bd. of Nursing v. Long-Romero*, slip op. at ¶ 108 (Colo. App. No. 20CA1995, June 9, 2022) (not published pursuant to C.A.R. 35(e)) (*Romero I*). The division otherwise affirmed the order finding that Romero violated the Act. *Id.* Because it set aside portions of the Board's order, the division didn't address Romero's challenge that the imposed discipline was beyond the Board's discretion; rather, it remanded "th[e] matter for further proceedings consistent with this opinion." *Id.*

### C.    The Remand Proceedings

¶ 5    Back before the hearing panel, the parties filed position statements that disagreed about the scope of the remand proceedings. Romero maintained that the matter must be returned to the administrative law judge "for additional proceedings" and a "new [i]nitial [d]ecision." Romero alternatively outlined the discipline she would accept. By contrast, the inquiry panel argued that *Romero I* didn't order the Board to conduct a new hearing. Thus, the inquiry panel urged the hearing panel to issue a final order striking the now reversed violations and imposing "a sanction that protects the public." As to the sanction, the inquiry panel

3

argued that the originally imposed restrictions remained appropriate to protect the public.

¶ 6 After receiving the parties' positions, the Board issued a final order on remand. In it, the Board (1) denied Romero's request for a new hearing; (2) struck the two reversed Act violations; and (3) concluded that, for the violations that *Romero I* affirmed, the discipline originally imposed continued to be warranted and necessary to protect the public.

## II. Analysis

¶ 7 Romero faults the Board for issuing the remand order and imposing sanctions for the remaining violations without a new hearing. She says this violated the *Romero I* remand order and mandate.

¶ 8 When an appellate court remands a case with specific directions to enter a particular judgment or to pursue a prescribed course, an agency has no discretion except to comply with the

instructions.[3]  *See Musgrave v. Indus. Claim Appeals Off.*, 762 P.2d 686, 687-88 (Colo. App. 1988); *see also Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 711 (10th Cir. 2004) ("[W]hen the further proceedings are specified in the mandate the district court is limited to holding[s] such as are directed." (quoting *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1552 (10th Cir. 1991))).  But when a case is remanded for further proceedings consistent with the appellate court's opinion, that's a general remand.  *Musgrave*, 762 P.2d at 688; *see also People in Interest of M.D.*, 2014 COA 121, ¶ 19 (observing that when a court remanded the case for further proceedings consistent with the court's opinion, "it was a general remand, and the court was not required to pursue a prescribed course").  With a general remand, an agency retains discretion to make new findings and conclusions so long as there's no conflict with the appellate court ruling.  *Musgrave*, 762 P.2d at 688; *see also Owners Ins. Co. v. Dakota Station II Condo. Ass'n*, 2021 COA

---

[3] Neither party suggests that an agency — such as the Board — is not required to follow the law of the case established by appellate courts.  *See, e.g., Copart, Inc. v. Admin. Rev. Bd.*, 495 F.3d 1197, 1201 (10th Cir. 2007) (noting that the law of the case doctrine applies to administrative agencies on remand).

114, ¶ 34 (discussing discretion of lower court after "an appellate court issues a general remand for further proceedings").

¶ 9 We review de novo whether an agency complied with an appellate ruling. *See Owners*, ¶ 21.

¶ 10 Romero argues that the Board violated the division's remand order and mandate because *Romero I* ordered the Board "to hold further proceedings," which, as we understand her argument, meant the Board was required to remand the matter to the administrative law judge for a new hearing.

¶ 11 But that's not what *Romero I* said. Nothing in *Romero I* directed the Board "to hold" any hearing, let alone remand the matter to the administrative law judge for another hearing. Rather, *Romero I* simply remanded "this matter for further proceedings consistent" with the opinion. *Romero I*, No. 20CA1995, slip op. at ¶ 108. Because the remand order didn't require any particular proceeding, it was a general remand. *See Musgrave*, 762 P.2d at 687-88. The Board therefore retained discretion to determine whether a hearing was necessary. *See id.* Having considered the parties' respective positions on remand, the Board concluded that "a new hearing is unnecessary because there are no outstanding

factual disputes," "no additional evidence is needed," and "[t]he only determination to be made on remand is what sanction to impose for the violations" affirmed by *Romero I.* That determination was within the Board's discretion and didn't violate *Romero I.*

¶ 12 To the extent that Romero contends that "further proceedings" must mean a new hearing, we disagree. As already explained, a remand for further proceedings is a common and generic remand that doesn't cabin an agency's discretion. *See Musgrave*, 762 P.2d at 687-88. By contrast, when a division of this court intends to limit an agency's (or lower court's) discretion and require a new hearing, it says so clearly and directly. *See In re Marriage of Paige*, 2012 COA 83, ¶¶ 14-15 (holding the trial court "must hold an evidentiary hearing on remand"); *Bush v. Winker*, 892 P.2d 328, 333 (Colo. App. 1994) (ordering remand for "evidentiary hearing"), *aff'd*, 907 P.2d 79 (Colo. 1995); *Craddock v. Colo. State Bd. of Assessment Appeals*, 819 P.2d 1100, 1103 (Colo. App. 1991) (remanding for a new hearing). That's not what happened here.

¶ 13 Nor are we persuaded by Romero's suggestion that a new hearing was required to remedy the deprivation of her "due process rights." To be sure, *Romero I* concluded that Romero didn't have

7

sufficient notice of one alleged violation and a second alleged violation wasn't referred by the inquiry panel. *Romero I*, No. 20CA1995, slip op. at ¶¶ 66-70, 95-96. Based on these conclusions, the division set aside the Board's findings related to those purported violations and reversed the portion of the Board's order making those findings. *Id.* at ¶¶ 70, 96, 108. By doing that, the division remedied the due process violations. And on remand the Board struck those findings from its final remand order and concluded that the affirmed violations warranted the sanctions originally imposed. Thus, Romero wasn't penalized for the due process violations.[4]

¶ 14    Romero next takes issue with the sanctions imposed on remand. To the extent she maintains that the Board was required to hold a new hearing before imposing sanctions on remand, for the reasons already explained, we disagree. But to the extent she

---

[4] To the extent Romero also suggests that section 24-4-105, C.R.S. 2024, required the Board to remand the case to the administrative law judge to impose sanctions, we disagree. While that statute allows the Board to remand the case to the administrative law judge, it also allows the Board to "affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law." § 24-4-105(15)(b).

objects to the actual sanctions imposed, it's for the Board — not this court — to determine the appropriate sanction for violations of the Act. *See* § 12-255-119(4)(c)(III)-(IV), C.R.S. 2024; *see also Colo. State Bd. of Med. Exam'rs v. Ogin,* 56 P.3d 1233, 1240 (Colo. App. 2002) ("[A] reviewing court may not substitute its judgment for that of the [B]oard as to what constitutes appropriate sanctions."). And the Board found that the violations *Romero I* affirmed — acting in a manner inconsistent with patient health and safety and failing to meet generally accepted standards of care — warranted the sanctions that were originally imposed. In reaching that conclusion, the Board specifically found that the sanctions were necessary to protect the public. *See* § 12-255-119(4)(c)(IV) ("In determining appropriate disciplinary action, the hearings panel shall first consider sanctions that are necessary to protect the public."). While Romero disagrees with the imposed sanctions and criticizes the Board for not parsing out discipline related to each violation, she doesn't argue that the sanctions "bear[] no relation to the conduct," are "manifestly excessive," or constitute a "gross abuse of discretion." *Colo. Real Est. Comm'n v. Hanegan*, 947 P.2d

9

933, 936 (Colo. 1997).  Because nothing suggests the sanctions are outside the Board's broad discretion, we must uphold them.  *See id.*

### III.   Disposition

¶ 15    The order is affirmed.

JUDGE NAVARRO and JUDGE GOMEZ concur.